# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-01899-SCT

*EAST MISSISSIPPI STATE HOSPITAL AND THE
MISSISSIPPI DEPARTMENT OF MENTAL
HEALTH*

*v.*

*CODELL ADAMS AND LEVORD ADAMS,
INDIVIDUALLY, AND ON BEHALF OF ALL THE
HEIRS AT LAW OF JOE CEPHUS ADAMS,
DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/28/2005 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | BRETT WOODS ROBINSON |
| ATTORNEY FOR APPELLEES: | CHARLES W. WRIGHT, JR. |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED AND REMANDED - 01/18/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE COBB, P.J., DIAZ AND RANDOLPH, JJ.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     East Mississippi State Hospital (EMSH), a division of the Mississippi Department of

Mental Health (MDMH), operates the Reginald P. White Facility, which is a licensed nursing

home.  Joe Cephus Adams (decedent) was admitted to the White Facility and during the short

time he was a resident, he was involved in a number of altercations with other residents.  One

month after he was admitted, he was found unresponsive, and died two days later.  An

autopsy revealed his death was caused by blunt force trauma to the head.

¶2.   Codell Adams and Levord Adams (plaintiffs), brothers of the decedent, filed a wrongful death suit against EMSH and MDMH (collectively referred to as defendants). The defendants answered and raised numerous affirmative defenses. Two years after the complaint and answer were filed, after extensive discovery was undertaken, the defendants filed a motion to dismiss and alternately for summary judgment, challenging the service of process claiming, inter alia, it was inadequate because the Mississippi Attorney General was not served as required by M.R.C.P. 4(d)(5). The plaintiff responded by arguing that defendants waived the right to challenge insufficiencies related to process. The trial judge denied defendants' motion to dismiss, and we granted them permission to bring this interlocutory appeal pursuant to M.R.A.P. 5. After thorough review of the record, we affirm the judgment of the trial court and remand for further proceedings consistent with this opinion.

## FACTS

¶3.   The underlying relevant facts are undisputed. On June 11, 2002, the decedent was transferred from Laurel Wood Center and admitted to Reginald P. White Nursing Facility, a licensed home for the aged and infirm. While he was a resident, there were several incidents in which he and others were injured, and there were reports of the decedent hitting other residents and other residents hitting him. On July 10, 2002, the decedent became unresponsive and was taken to Rush Hospital Emergency Room, and was transferred to the University of Mississippi Medical Center where he died on July 12. An autopsy report

2

revealed the cause of death as blunt force trauma to the decedent's skull.

¶4. On July 2, 2003, the plaintiffs filed this wrongful death suit against EMSH and MDMH, alleging the defendants' negligence proximately caused the decedent's death because they had notice of the risk of other patients physically abusing the decedent, but failed to exercise the requisite degree of care and skill in his care, treatment, and security. The defendants answered on August 22, 2003, stating, inter alia, that the plaintiffs' attempts at process were insufficient and inadequate and should be dismissed pursuant to Rules 12(b)(4) and 12(b)(5), M.R.C.P.[1]. They reserved the right to amend their answer to raise other defenses. The case proceeded into the discovery phase, and on October 11, 2004, defendants filed a motion for summary judgment asserting immunity from liability under the discretionary function exemption found in Miss. Code Ann. Section 11-46-9(1)(d).

¶5. Subsequently, the case proceeded through motions to compel, for status conferences, and additional discovery. On June 9, 2005, defendants filed a motion to dismiss or alternatively for summary judgment, based on M.R.P.C. 4(d)(5)[2] and the expiration of the statute of limitations, as well as insufficiencies related to process and the discretionary function exemption previously raised. In this motion, defendants asserted for the first time that service was inadequate because the plaintiffs served Dr. Ramiro Martinez, Administrator

[1]M.R.C.P. 12(b)(4) pertains to insufficiency of process; 12(b)(5) pertains to insufficiency of service of process.

[2]M.R.C.P. 4(d)(5) requires delivery of a copy of the summons and complaint to the Attorney General of the State of Mississippi when the State of Mississippi or any one of its departments, officers or institutions is being sued.

and Chief Executive Officer of EMSH, on behalf of EMSH, and served Carol F. Thweatt,[3] Senior Attorney for the MDMH, instead of serving the Mississippi Attorney General pursuant to M.R.C.P. 4(d)(5).

¶6. The trial judge agreed that the Attorney General should have been served, but held that the "dilatory actions of the Defendants, after the initial assertion of the general defenses of insufficient process and insufficient service of process, waived the defenses." The trial court further said:

> As the precedent makes clear, a Defendant must timely pursue the defenses of insufficiency of process and insufficient service of process in their answer. However, the Defendants did not affirmatively pursue the matter until after two years of litigation and after the Defendants filed a Motion for Summary Judgment, defending the case on the merits.

After finding the defendants waived their defenses regarding process, the trial court denied their motion to dismiss and ultimately concluded that there were genuine issues of material fact in dispute which prevented summary judgment.

**ANALYSIS**

¶7. This Court is presented with an issue of first impression, as this is our first time to address M.R.C.P. 4(d)(5) which requires service of process on the Attorney General when suit is filed against the State of Mississippi or any one of its departments, officers or institutions. Here, there was no attempt to serve the Attorney General, even after the plaintiffs were made aware of this requirement by the defendants' motion to dismiss or grant

---

[3] The summons actually listed Dr. Albert Randel Hendrix, Administrator and Chief Executive Officer of the MDMH, but this is of no consequence here.

4

summary judgment. Intertwined with that requirement is the waiver issue. Namely, whether a defendant can generally raise defenses of insufficient process and service of process in the answer and then subsequently waive those defenses by failing to actively and specifically pursue them while participating in the litigation.

¶8. Defendants argue they preserved the defenses in their answer and therefore the trial court should have granted their motion to dismiss. On the other hand, the plaintiffs maintain that "the Defendants have participated in substantial discovery in the form of interrogatories, production requests, depositions, designation of experts, scheduling order, and trial date order, all of which occurred from the filing of the lawsuit on July 2, 2003 until [the trial court's denial in September 2005]." Although the plaintiffs admit the general defenses were raised in the defendants' answer on August 22, 2003, they argue they were not specifically pursued until their June 9, 2005, motion to dismiss, or in the alternative for summary judgment. The plaintiffs further argue that defendants' participation in the litigation and failure to pursue the insufficiencies related to process, especially the service upon the Attorney General, constituted a waiver.

*Service on process on Attorney General*

¶9. EMSH is an institution operated under the jurisdiction and control of MDMH pursuant to Miss. Code Ann. Section 41-4-11(2) (Rev. 2005). Further, MDMH was created as a department of the State in Miss. Code Ann. Section 41-4-5 (Rev. 2005). M.R.C.P. 4(d)(5) provides that the summons and complaint shall be served together "[u]pon the State of Mississippi or any one of its departments, officers, or institutions, by delivering a copy of the

5

summons and complaint to the Attorney General of the State of Mississippi." We agree that the trial court was correct in holding this provision applied, rather than M.R.C.P. 4(d)(8), which applies to "any governmental entity not mentioned above." We also agree that the trial court was correct when it determined process was insufficient because the plaintiffs served the Chief Executive Officers of MDMH and the EMSH rather than the Mississippi Attorney General, and there was no subsequent effort to correctly serve process on the Attorney General within 120 days of the filing of the complaint as required by M.R.C.P. 4(h). Defendants referred to M.R.C.P. 12(b)(4) (pertaining to insufficiency of process) and M.R.C.P. 12(b)(5) (pertaining to the insufficiency of service of process) in their answer and affirmative defenses, but did not specifically refer to M.R.C.P. 4(d)(5) until their motion to dismiss. But our inquiry does not end there.

*Waiver of defenses*

¶10. The other important question to be answered in this interlocutory appeal is whether the defendants waived the defenses of insufficiency of process and insufficiency of service of process by failing to pursue them until almost two years after they raised them in their answer while actively participating in the litigation. M.R.C.P. 12(h)(1), which addresses waiver of insufficiency of process if neither made by a motion under this rule nor included in a responsive pleading or an amendment thereof, is not applicable here, as the defendants raised the defenses of insufficient process and insufficient service of process in a responsive pleading (the answer). The Court of Appeals recently adopted the rule that "[o]nce the defense of failure of service of process has been made in the responsive pleading, it is not

6

waived by the mere submission of other pleadings in the case, nor even by participation in a trial on the merits." *Page v. Crawford,* 883 So. 2d 609, 612 (Miss. Ct. App. 2004); *see also **Mitchell v. Mitchell,*** 767 So. 2d 1078, 1085 (Miss. Ct. App. 2000). However, this Court has recently held to the contrary, in ***MS Credit Center, Inc. v. Horton***, 926 So. 2d 167, 181 (Miss. 2006), which addressed the waiver of affirmative defenses in an arbitration case, but went on to announce:

> Our holding today [in ***Horton***] is not limited to assertion of the right to compel arbitration. A defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver.

¶11.    As set forth supra, defendants participated fully in the litigation of the merits for over two years without actively contesting jurisdiction in any way. They participated fully in discovery, filed and opposed various motions. While the defendants may have literally complied with Rule 12(h), they did not comply with the spirit of the rule. On this record we conclude that the defendants waived the defenses of insufficiency of process and insufficiency of service of process. The trial court's exceptionally well reasoned and written Memorandum Opinion and Judgment denying defendants' motion to dismiss or in the alternative for summary judgment is affirmed.

## CONCLUSION

¶12.    The defendants properly and timely raised the defenses of insufficient process and insufficient service of process in their answer. However, defendants' subsequent participation in this litigation, together with their failure to pursue these defenses for two

years after the case began, waived these defenses. Therefore, we affirm the trial court's denial of defendants' motion to dismiss, lift the stay imposed by this Court pending resolution of this interlocutory appeal, and remand this case to the trial court for further proceedings consistent with this opinion.

¶13.   **AFFIRMED AND REMANDED.**

**SMITH, C.J., WALLER, P.J., DIAZ, EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.**