¶ 1. After the expiration of the statute of limitations, the Circuit Court of Hancock County dismissed Thomas Whitten, Jr.'s negligence action against his father, Thomas Whitten, Sr., for failure to serve process within 120 days as required by Rule 4(h) of the Mississippi Rules of Civil Procedure. Whitten, Jr. appeals, contending that he showed good cause for the failure to timely serve Whitten, Sr. Alternatively, Whitten, Jr. argues that Whitten, Sr. waived the defenses of insufficiency of process and insufficiency of service of process by participating in the litigation for approximately two years after he initially raised the defense.
 ¶ 2. We affirm the trial court's finding that Whitten, Jr. did not show good cause for the failure to serve process within 120 days. Pursuant to East Mississippi State Hospital v.Adams, 947 So.2d 887 (Miss. 2007), and MS CreditCenter, Inc. v. Horton, 926 So.2d 167 (Miss. 2006), we hold that Whitten, Sr. waived the defenses of insufficiency of process and insufficiency of service of process. Therefore, we reverse and remand this case for further proceedings.
 FACTS ¶ 3. Whitten, Jr. filed the complaint on September 20, 2001. Whitten, Jr. alleged that, on December 18, 1999, Whitten, Sr. had negligently discharged a shotgun, striking and severely injuring Whitten, Jr. The day the complaint was filed, Whitten, Jr. requested that the Sheriff of Hancock County serve process upon Whitten, Sr. at an address in Kiln, Mississippi. On October 18, 2001, the sheriff returned the summons to the circuit clerk's office unexecuted. The sheriff noted on the summons that Whitten, Sr. "does not live there."
 ¶ 4. On March 12, 2002, counsel for Whitten, Jr. sent a letter to the circuit clerk's office requesting service of process on Whitten, Sr. at an address in Perkinston, Mississippi. Whitten, Sr. was no longer at that address. On September 27, 2002, Whitten, Jr. again requested service of process upon Whitten, Sr., this time at an address in Pass Christian. Pursuant to *Page 1095 
that request, process was served upon Whitten, Sr. on October 11, 2002.
 ¶ 5. Whitten, Sr. filed an answer on October 21, 2002. Among other defenses, Whitten, Sr. pled insufficiency of process and insufficiency of service of process pursuant to Rules 12(b)(4) and 12(b)(5). The same day, Whitten, Sr. filed a notice of service of interrogatories and requests for production of documents. Later, the court granted a request by Whitten, Jr. for extra time in which to respond to discovery. On May 1, 2003, Whitten, Jr. noticed the service of discovery responses upon Whitten, Sr. Whitten, Jr. stated in one of his interrogatory responses that he had been incarcerated for a conviction unrelated to this proceeding since November 8, 2001, and would be released on March 29, 2003.
 ¶ 6. On June 19, 2003, Whitten, Jr. filed a notice of service of interrogatories and requests for the production of documents upon Whitten, Sr. On July 1, 2003, Whitten, Jr. noticed the service of further responses to Whitten, Sr.'s requests for the production of documents. On August 7, 2003, Whitten, Sr. filed discovery responses. A letter dated September 26, 2003, from counsel for Whitten, Jr. to his client indicated that the parties had been discussing settlement. On September 10, 2004, Whitten, Sr. noticed the deposition of Whitten, Jr. to occur on October 28, 2004.
 ¶ 7. On October 26, 2004, Whitten, Sr. filed a motion to dismiss the case because service was not completed within 120 days of the filing of the complaint as required by Rule 4(h). Whitten, Sr. asserted that there was no good cause for the failure to effect timely service of process. Whitten, Sr. requested that the complaint be dismissed with prejudice due to the expiration of the three-year statute of limitations for negligence prescribed by Mississippi Code Annotated section 15-1-49 (Rev. 2003).
 ¶ 8. In response, Whitten, Jr. filed a motion for leave of court to effect service of process outside the 120 day period. Whitten, Jr.'s counsel asserted that he first learned that the sheriff had returned the summons and complaint unexecuted when he followed up on the matter in January 2002. At that point, counsel attempted to contact Whitten, Jr. but was delayed in reaching Whitten, Jr. due to his incarceration. Counsel asserted that, in February 2002, Whitten Jr. provided the Perkinston address for Whitten, Sr. Counsel stated that, contemporaneous with his March 12, 2002, request for service upon Whitten, Sr. at the Perkinston address, counsel sent Whitten, Sr. a copy of the summons and complaint at the Perkinston address via certified mail. Whitten, Sr. signed for the mail on March 19, 2002. Counsel asserted that, on April 26, 2002, and on May 15, 2002, he again requested service of process upon Whitten, Sr. at the Perkinston address. The summons was returned unexecuted because Whitten, Sr. had moved away. Counsel averred that, after further investigation, he obtained the Pass Christian address for Whitten, Sr. and Whitten Sr. was finally served with process on October 11, 2002. Whitten, Jr. argued that Whitten, Sr. had tried to evade service of process, constituting good cause for the delayed service. Whitten, Jr. requested a retroactive grant of additional time to effect service of process.
 ¶ 9. At a hearing on the motion to dismiss on July 24, 2005, counsel for Whitten, Jr. contended that he had shown good cause for the delay and that Whitten, Sr. had waived his Rule 12(b)(4) and 12(b)(5) defenses due to his participation in the litigation for approximately two years. Whitten, Jr. contended that Whitten, Sr. had been participating in discovery, with the latest development before the motion to dismiss being the parties' ongoing negotiation *Page 1096 
of the terms of an agreed-upon order precluding either party's use of prior statements lost by the insurance carrier. Whitten, Sr. admitted that "there was a fair amount of discovery," but asserted that dismissal was appropriate because service was not effected within 120 days.
 ¶ 10. On August 22, 2005, the trial court entered a judgment of dismissal without prejudice for failure to complete service of process within 120 days. The court found that Whitten, Jr. "has failed to show good cause why service of summons and complaint was not completed within 120 days as required by Mississippi Rule of Civil Procedure 4(a) and accordingly the complaint should be dismissed." The court denied Whitten Jr.'s motion for additional time to effect service of process.
 LAW AND ANALYSIS ¶ 11. For clarity, we have reworded Whitten, Jr.'s lengthy statements of his two appellate issues.
 I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION INDENYING WHITTEN, JR.'S MOTION FOR LEAVE OF COURT TO EFFECT SERVICE OF SUMMONS AND GRANTING WHITTEN, SR.'S MOTION TO DISMISS PURSUANT TO RULE 4(H) WHERE WHITTEN, JR. SHOWED GOOD CAUSE FOR THE DELAY.
 ¶ 12. Pursuant to Mississippi Rule of Civil Procedure 4(h), a plaintiff must effect the service of the summons and complaint upon a defendant within 120 days of the filing of the complaint. If service is not effected within the 120 day period and the plaintiff cannot show good cause why such service was not made within that period, the action shall be dismissed without prejudice upon motion or upon the court's own initiative with notice to the plaintiff. M.R.C.P. 4(h). Also, though filing the complaint tolls the statute of limitations for 120 days, if service is not effected within that time, at the expiration of the 120 day period the statute of limitations again begins to run unless good cause is shown. Holmes v.Coast Transit Authority, 815 So.2d 1183, 1185 (¶ 7) (Miss. 2002).
 ¶ 13. In this case, the complaint was filed on September 20, 2001, and the deadline for service of process was January 18, 2002. Service was not effected until October 11, 2002, almost nine months after the expiration of the 120 day deadline but before the expiration of the statute of limitations. Whitten, Jr. argues that he demonstrated good cause for the delay and, therefore, the trial court erred by dismissing the complaint. Whitten, Jr. argues that he showed he was diligent in his efforts to serve Whitten, Sr. and the delayed service was attributable to Whitten, Jr.'s incarceration and Whitten, Sr.'s intentional evasion of service of process through his changes of address.
 ¶ 14. The trial court expressly found that Whitten, Jr. had failed to show good cause for the delay. The trial court's finding of fact on the existence of good cause for delayed service of process is subject to deferential review by this Court. Montgomery v. SmithKline Beecham Corp.,910 So.2d 541, 544 (¶ 9) (Miss. 2005) (citing Rains v.Gardner, 731 So.2d 1192, 1197-98 (¶ 19) (Miss. 1999)). We will only inquire whether the trial court abused its discretion and whether substantial evidence supported its conclusion. Montgomery, 910 So.2d at 544-45 (¶ 9). However, when a decision to grant or deny a motion for extension of time is based on a question of law, our review is de novo. Id. at 545 (¶ 9).
 ¶ 15. The plaintiff bears the burden to demonstrate the existence of *Page 1097 
good cause for the failure to timely serve process.Id. at 548 (¶ 24). A showing of good cause requires at least as much as would establish excusable neglect, and must be more than "simple inadvertence or mistake of counsel or ignorance of the rules." Waiters v. Stripling,675 So.2d 1242, 1243 (Miss. 1996). "A plaintiff must be diligent in serving process if he is to show good cause in failing to serve process within 120 days." Bang v. Pittman,749 So.2d 47, 52 (¶ 25) (Miss. 1999) (overruled on other grounds). InHolmes, the court stated that good cause may be found when the plaintiff's failure to effect timely service was due to the conduct of a third person, such as the process server, or when the defendant has evaded service of process or has engaged in misleading conduct. Holmes, 815 So.2d at 1186 (¶ 12). Holmes expressly held that good faith negotiations between the parties are not good cause that will excuse timely service of process. Id. at 1186 (¶ 14). InMontgomery, the court found that the unsuccessful efforts of a newly associated law firm to confer with its clients were insufficient to establish good cause excusing untimely service of process when considered along with the associating firm's failure to effect timely service.Montgomery, 910 So.2d at 547-48 (¶¶ 21-24).Montgomery also recognized that, if it appears that process cannot be served within the 120 day period, a diligent plaintiff will request additional time to serve process and that such a request supports a later allegation that good cause existed for the failure to effect timely service.[1]Id.
 ¶ 16. Whitten, Jr. argues that he met his burden to show good cause with his allegations that Whitten, Sr. intentionally evaded service of process and because Whitten, Jr.'s counsel was delayed in conferring with Whitten, Jr., due to Whitten, Jr.'s incarceration. We are mindful that the good cause inquiry focuses on whether there was good cause for the failure to serve process within the 120 day period; difficulties that may have prevented successful service outside the 120 day deadline are not considered. Id. at 545 (¶ 12). Therefore, our review of the trial court's exercise of discretion in finding Whitten, Jr. failed to show good cause for the delay focuses upon what occurred within the 120 day period.
 ¶ 17. The record reveals that Whitten, Jr. attempted to serve Whitten, Sr. once during the 120 day period, which began to run on September 20, 2001. The sheriff returned the summons to the clerk of court's office unexecuted on October 18, 2001. In January 2002, Whitten, Jr.'s counsel first learned that service had not been effected. At that time, Whitten, Jr.'s counsel attempted to contact him to obtain information about Whitten, Sr.'s whereabouts. But, due to Whitten, Jr.'s incarceration, counsel was unable to reach him until February 2002. The 120 day deadline expired on January 18, 2002.
 ¶ 18. There was no abuse of discretion in the trial court's finding that Whitten, Jr. had failed to demonstrate good cause for the failure to effect service of process within 120 days. Whitten, Jr. only once attempted to have Whitten, Sr. served in the 120 day period, and his counsel only learned that service had not been effected sometime in January 2002, at least two months after the summons had been returned to the clerk's office unexecuted and possibly after the expiration of the 120 day deadline on January 18, 2002. If counsel for Whitten, Jr. learned prior to the expiration *Page 1098 
of the 120 day period that Whitten, Sr. had not been served and then could not locate his client, he would have been diligent in moving for additional time in which to effect service of process. Id. at 545 (¶ 14). However, Whitten, Jr. did not request additional time to effect service of process until Whitten, Sr. filed a motion to dismiss almost three years later. Montgomery stressed that a plaintiff should "seek authority for extensions from the court, rather than unilaterally making this decision for himself." Id.
at 545 (¶ 13). All the facts pertaining to an evasion of service of process by Whitten, Sr. arose after the expiration of the 120 day deadline. The record substantially supports the trial court's finding that Whitten, Jr. failed to demonstrate good cause for the untimely service.
 II. WHETHER WHITTEN, SR.'S PARTICIPATION IN THE LITIGATION FOR APPROXIMATELY TWO YEARS WAIVED THE DEFENSES OF INSUFFICIENCY OF PROCESS AND INSUFFICIENCY OF SERVICE OF PROCESS.
 ¶ 19. Alternatively, Whitten, Jr. asserts that Whitten, Sr. waived the defenses of insufficiency of process and insufficiency of service of process by neglecting to pursue those defenses for two years after asserting them in his answer and by participating in the litigation during that time. Indeed, Whitten, Sr. filed his answer on October 21, 2002, asserting, among other defenses, the defenses of insufficiency of process and insufficiency of service of process. For the next two years, Whitten, Sr. participated in discovery. The parties exchanged written discovery requests and written discovery responses, discussed settlement, and Whitten, Sr. noticed Whitten, Jr.'s deposition. Then, on October 26, 2004, after the expiration of the statute of limitations, Whitten, Sr. filed the motion to dismiss asserting untimely service of process.
 ¶ 20. Our resolution of this issue is governed by MSCredit Center, Inc. v. Horton, 926 So.2d 167 (Miss. 2006) and East Mississippi State Hospital v. Adams,947 So.2d 887 (Miss. 2007). In MS Credit Center, the defendants asserted their right to compel arbitration in their answer but then for eight months participated in the litigation by consenting to a scheduling order, engaging in written discovery, and taking the plaintiffs deposition. MS Credit Ctr.,926 So.2d at 180 (¶¶ 41, 43). Then, the defendants filed a motion to compel arbitration. Id. The court held that "ordinarily, neither delay nor participation in the judicial process, standing alone, will constitute a waiver," but when there is substantial and unreasonable delay in pursuing the right along with active participation in the litigation process, the court "will not hesitate to find a waiver of the right to compel arbitration." Id. at 180 (¶¶ 41-42). Critically, the court expressed that its holding was not limited to assertion of the right to compel arbitration. Id.
at 180 (¶ 44). The court stated: "A defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver." Id. The court declined to set a number of days that would constitute unreasonable delay in every case, but did hold that, absent unusual circumstances, an eight-month unjustified delay in the pursuit of any affirmative defense or other right which could serve to terminate the litigation, along with participation, constitutes a waiver as a matter of law. Id. at 181 (¶ 45). *Page 1099 
 ¶ 21. In East Mississippi, the court appliedMS Credit Center in holding that the defendants had waived the defenses of insufficiency of process and insufficiency of service of process.[2] EastMississippi 947 So.2d at 891 (¶¶ 10-11). The defendants had asserted in their responsive pleading that the complaint should be dismissed for insufficiency of process and insufficiency of service of process. Id. at 889 (¶ 4). After the passage of over two years during which the case proceeded through motions to compel, for status conferences, and additional discovery, the defendants moved to dismiss due to inadequate service and the expiration of the statute of limitations. Id. at 889 (¶ 5). The court found that the defendants had waived the defenses of insufficiency of process and insufficiency of service of process by neglecting to pursue them for two years after initially raising them in their answer and by participating actively in the litigation for over two years while never contesting jurisdiction. Id.
at 891 (¶ 11). The court observed that the defendants had participated fully in discovery and had filed and opposed various motions during the over two-year period.
 ¶ 22. The facts in this case bear striking similarity to those in East Mississippi. As in EastMississippi Whitten, Sr. raised the defenses of insufficiency of process and insufficiency of service of process in the responsive pleading but did not pursue those defenses for two years and until the statute of limitations had expired, all the while actively participating in the litigation. Whitten, Sr. contends that his participation in the litigation was not substantial enough to enable this Court to find a waiver. While less occurred in this case than in East Mississippi, Whitten, Sr.'s participation in the litigation closely resembled that found sufficient to support a waiver in MS CreditCenter. Whitten, Sr. engaged in written discovery and in settlement negotiations and noticed Whitten, Jr.'s deposition. Whitten, Sr.'s two-year delay in pursuing the affirmative defenses was far longer than the eight-month period held byMS Credit Center to presumptively constitute a waiver when coupled with participation in the litigation. Whitten, Sr. has provided no justification or asserted any "extreme and unusual circumstances" to explain the two-year delay. Whitten, Sr. did properly raise the defenses of insufficiency of process and insufficiency of service of process in his answer. M.R.C.P. 12(h). But, Written, Sr. waived those defenses through his participation in the litigation together with his unreasonable two-year delay in pursuing the defenses. For that reason, we reverse and remand this case for further proceedings consistent with this opinion.
 ¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCKCOUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL AREASSESSED TO THE APPELLEE.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
[1] A motion for additional time filed within the 120 day period does not require a showing of good cause and is properly considered under Rule 6(b) governing motions for enlargement of time. Cross Creek Productions v. Scafidi,911 So.2d 958, 960 (¶¶ 6-7) (Miss. 2005).
[2] East Mississippi was handed down after the briefing was completed in this case. However, the parties addressed East Mississippi during oral arguments. *Page 1100