# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CA-02074-SCT

*LOUISE MEADOWS AND LAVELLE MEADOWS*

*v.*

*KENDALL T. BLAKE, M.D., MISSISSIPPI BAPTIST HEALTH SYSTEMS, INC. d/b/a MISSISSIPPI BAPTIST MEDICAL CENTER*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/08/2008 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ROBERT V. GREENLEE |
| | SHANE F. LANGSTON |
| ATTORNEYS FOR APPELLEES: | LEO JOSEPH CARMODY, JR. |
| | PAMELA SUE RATLIFF |
| | STUART ROBINSON, JR. |
| | GAYE NELL LOTT CURRIE |
| | EUGENE RANDOLPH NAYLOR |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 06/10/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., DICKINSON AND PIERCE, JJ.**

**CARLSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Louise Meadows and Lavelle Meadows (the Meadowses) filed suit against Kendall T. Blake, M.D. (Blake) and Mississippi Baptist Health Systems, Inc. d/b/a Mississippi Baptist Medical Center (Baptist) in the Circuit Court of the First Judicial District of Hinds County, alleging medical negligence in the care and treatment of Louise Meadows (Louise)

and loss of consortium on behalf of Lavelle Meadows (Lavelle). Blake and Baptist filed their Defendants' Joint Motion to Dismiss for Plaintiffs' Failure to Comply with the Requirements of Miss. Code Ann. § 11-1-58, which the trial court granted, dismissing the Meadowses' claims with prejudice. Thus, the Meadowses perfected this appeal. Finding that Blake and Baptist waived their defense asserting the plaintiffs' failure to comply with Mississippi Code Section 11-1-58, we reverse and remand to the trial court for further proceedings consistent with this opinion.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2. On August 31, 2004, the Meadowses filed their Complaint against Blake and Baptist, asserting medical negligence in the care and treatment of Louise between January 27, 2004, and March 30, 2004, resulting in amputation of part of Louise's right leg, as well as a loss of consortium claim by Lavelle. The Meadowses attached their Certificate of Plaintiffs' Attorney to the complaint (referencing Mississippi Code Section 15-1-36) in which their attorney certified that he had requested the medical records from the defendants but the records had not been produced at the time of filing the complaint.[1] The Meadowses obtained

---

[1]The record reveals that the Meadowses' attorney actually submitted the certificate pursuant to Mississippi Code Section 11-1-58, which states, in pertinent part:

1) In any action against a licensed physician, health care provider or health care practitioner for injuries or wrongful death arising out of the course of medical, surgical or other professional services where expert testimony is otherwise required by law, the complaint shall be accompanied by a certificate executed by the attorney for the plaintiff declaring that:

(a) The attorney has reviewed the facts of the case and has consulted

2

the medical records from Baptist on September 10, 2004, and several months later, on June 13, 2005, the Meadowses filed another Certificate of Plaintiffs' Attorney (referencing Mississippi Code Section 15-1-36) in which their attorney certified that "after receiving the medical records from the Defendants, I reviewed the facts of this case and consulted with at least one (1) expert . . . and that I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action against the Defendants."[2]  Baptist and Blake filed their Answers on January 14, 2005, and January 20, 2005, respectively, both containing a motion to strike and dismiss the Meadowses' complaint for failure to comply with Mississippi Code Section 11-1-58.

¶3.    Thereafter, on February 27, 2005, Louise died.  Lavelle thus filed his Motion for Leave of Court to File First Amended Complaint on July 20, 2005, in which he was "seeking

---

> with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action;
> . . .
> (4) If a request by the plaintiff for the records of the plaintiff's medical treatment by the defendants has been made and the records have not been produced, the plaintiff shall not be required to file the certificate required by this section until ninety (90) days after the records have been produced.

Miss. Code Ann. § 11-1-58 (Supp. 2009).

[2]Again, the record reveals that the Meadowses' attorney actually submitted the certificate pursuant to Mississippi Code Section 11-1-58.

3

[the trial court's] permission to amend the complaint to add claims of wrongful death and to add as Plaintiffs Kaye Burt and Judy Brown, daughters and additional wrongful death beneficiaries of Louise Meadows."[3] Blake filed his response, which Baptist joined. Later, on January 15, 2006, Baptist also filed its Suggestion of Death to suggest upon the record the death of Louise.

¶4. On March 30, 2007, more than two years after this suit was filed, Blake and Baptist filed their Joint Motion to Dismiss for Plaintiffs' Failure to Comply with the Requirements of Miss. Code Ann. § 11-1-58, asserting that the suit must be dismissed based on the Meadowses'[4] failure to file their Certificate of Plaintiffs' Attorney within ninety days after the medical records were produced. Blake and Baptist also filed their Joint Motion to Dismiss Suit Without Prejudice for Failure to Substitute Parties and Incorporated Memorandum of Authorities on this date. The Meadowses filed responses to both Motions. Subsequently, on February 8, 2008, the Hinds County Circuit Court entered its Order and Judgment of Dismissal With Prejudice granting Defendants' Joint Motion to Dismiss for Plaintiffs' Failure to Comply with Miss. Code Ann. § 11-1-58, dismissing the case with prejudice. Based on its dismissal for failure to comply with Section 11-1-58, the trial court dismissed as moot the Defendants' Joint Motion to Dismiss for Failure to Substitute Parties

---

[3]The proposed First Amended Complaint was attached to the Motion as an exhibit.

[4]"Meadowses" will continue to be used in referring collectively to the plaintiff(s) in this action.

and Plaintiffs' Motion to Amend Complaint. From the trial court's judgment of dismissal, the Meadowses appeal to this Court.

## FACTS AND PROCEEDINGS IN THIS COURT

¶5.    During the first week of November 2009, after the Meadowses perfected this appeal and after the filing of both the appellants' brief and the appellees' briefs, Lavelle died. Thus, on November 12, 2009, counsel for the Meadowses filed a Notice of Suggestion of Death; and Motion to Stay Briefing Schedule or, in the Alternative, for Enlargement of Time to File Reply Brief with this Court. The following was stated within the Suggestion of Death and Motion:

> The above identified sole heirs[5] of the deceased Appellant intend to open an estate in the name of their deceased father, seek appointment as administratrix(es), and move this Court for substitution as party Appellant(s) in the above styled cause pursuant to Miss. R. App. P. 43(a). Undersigned counsel, therefore, moves this Court for a suspension of the briefing schedule pursuant to Miss. R. App. P. 43(a) to allow a reasonable time for the sole heirs to be appointed personal representative(s) of Appellant's estate and until the heirs have an opportunity to move the Court for substitution as the party Appellant(s).

An Order was entered in which this Court stated "that the Notice of Suggestion of Death; and Motion to Stay Briefing Schedule or, in the Alternative, for Enlargement of Time to File Reply Brief filed by counsel for Appellants is granted in that Appellants' reply brief is due on January 12, 2010." In their timely-filed reply brief, the Meadowses incorporated the following motion:

---

[5]The identified sole heirs are Kaye Burt and Judy Brown, the daughters of Lavelle and Louise Meadows.

Contemporaneous with the filing of this Reply brief, and in light of the recently issued letters of administration, the Meadows move this Court pursuant to Miss. R. App. P. 43(a) to substitute as named plaintiffs and appellants in place of Lavelle Meadows, deceased, and Louise Meadows, deceased, the following: Kaye Burt, individually and as administratrix, heir and wrongful death beneficiary of the estate of Louise Meadows, deceased, and as administratrix and heir of the estate of Lavelle Meadows, deceased; and Judy Brown, individually and as heir and wrongful death beneficiary of the estate of Louise Meadows, deceased, and as heir of the estate of Lavelle Meadows, deceased.[6]

¶6.    On January 28, 2010, Blake filed his Motion to Strike Appellants' Request for Substitution, or, in the Alternative, for Additional Briefing on Whether Requested Substitution is Permissible Under Mississippi Law, and Baptist filed its Joinder. This Court subsequently entered its Order denying the Motion; however, this Court ordered counsel for the Meadowses to file the appropriate motion for substitution of parties pursuant to Mississippi Rule of Appellate Procedure 43(a) and gave Baptist and Blake the opportunity to file their responses, including any citation of authority in opposition to the motion for substitution of parties. This Court also stated that it would consider this additional issue on appeal as well as the other issues already raised. Pursuant to this Court's Order, the Meadowses filed their Appellants' Rule 43(a) Motion to Substitute, and Baptist and Blake

---

[6]The Letters of Administration authorizing Kaye Burt to serve as Administratrix in the estate of Louise Meadows and in the estate of Lavelle Meadows were attached to the reply brief as exhibits.

filed their responses in opposition to the Motion to Substitute which are now before this Court.[7]

## DISCUSSION

¶7.    The Meadowses present three issues for this Court's consideration: (1) whether Blake and Baptist waived their objection to the Meadowses' lack of strict compliance with Mississippi Code Section 11-1-58(4) by actively litigating the case for nearly three years and by waiting until after the Meadowses had designated their experts before pursuing their defense; (2) alternatively, whether the trial court's dismissal was erroneous in light of this Court's abandonment of the rule of strict compliance with Mississippi Code Section 11-1-58 as stated in *Wimley v. Reid*, 991 So. 2d 135 (Miss. 2008), and its progeny, and whether this case should be remanded for an evidentiary hearing to determine if the Meadowses complied with Mississippi Code Section 11-1-58(4); and (3) in the further alternative, whether the trial court erred when it dismissed the Meadowses' case with prejudice when, as stated in *Wimley v. Reid*, if the plaintiffs fail to comply with the requirements of Mississippi Code Section 11-

---

[7]The Meadowses also filed their Appellants' Motion to Strike Appellees' Untimely Responses in Opposition to Appellant's Rule 43(a) Motion to Substitute, and Baptist and Blake both responded thereto; however, the Meadowses' Motion to Strike is denied in that both Baptist and Blake timely filed their responses based on this Court's Order entered February 17, 2010. A panel of this Court conducted oral arguments on March 30, 2010.

1-58, then the complaint should be dismissed without prejudice.[8] Further, as previously stated, the issue of substitution of parties is now also before this Court.

¶8.     "Although this Court employs an abuse-of-discretion standard to an appeal of an order granting or denying a motion to amend, *Moeller v. American Guarantee & Liability Insurance Co.*, 812 So. 2d 953, 961 (Miss. 2002), we review *de novo* a trial court's dismissal of a suit based on a question of law." *Wimley v. Reid*, 991 So. 2d 135, 136 (Miss. 2008) (citing *Ralph Walker, Inc. v. Gallagher*, 926 So. 2d 890, 893 (Miss. 2006)). *See also Scaggs v. GPCH-GP, Inc.*, 931 So. 2d 1274, 1275 (Miss. 2006) ("When considering a motion to dismiss, this Court's standard of review is de novo."). Further, "[w]hen considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Penn Nat'l Gaming, Inc. v. Ratliff*, 954 So. 2d 427, 430-31 (Miss. 2007) (citation omitted).

¶9.     The issues are restated for the sake of today's discussion.

---

[8]The Meadowses failed to raise the issue of whether Section 11-1-58(4)'s requirement that an expert be consulted and a certificate filed ninety (90) days after records are produced encroaches upon this Court's rule-making responsibility, since the requirements in this case were post-suit. *Wimley v. Reid*, 991 So. 2d 135, 138-39 (Miss. 2008) ("[W]e are unable to ignore the constitutional imperative that the Legislature refrain from promulgating procedural statutes which require dismissal of a complaint, and particularly a complaint filed in full compliance with the Mississippi Rules of Civil Procedure."). As such, we leave this discussion for another day.

## I.     SUBSTITUTION OF PARTIES.

¶10.    The Meadowses filed in this Court their motion to substitute pursuant to Mississippi Rule of Appellate Procedure 43(a), seeking "to substitute as named plaintiffs and appellants in place of appellant Lavelle Meadows, deceased, and Louise Meadows, deceased, the following:   Kaye Burt, individually and as administratrix, heir and wrongful death beneficiary of the estate of Louise Meadows, deceased, and as administratrix and heir of the estate of Lavelle Meadows, deceased; and Judy Brown, individually and as heir and wrongful death beneficiary of the estate of Louise Meadows, deceased, and as heir of the estate of Lavelle Meadows, deceased." *See* Miss. R. App. P. 43(a).  Blake and Baptist oppose the motion, arguing that, because the Meadowses failed to effect requisite substitution in the trial court, the motion should be denied.  More specifically, they assert that the Meadowses never moved the trial court for substitution of Louise pursuant to Mississippi Rule of Civil Procedure 25, and because Louise's death preceded judgment, Mississippi Rule of Appellate Procedure 43(a) has no application to Louise.  *See* Miss. R. Civ. P. 25.  Further, Blake and Baptist argue that, since the Meadowses failed to substitute Lavelle as a party-plaintiff in the underlying action, Rule 43(a) also has no application to Lavelle.

¶11.    Mississippi Rule of Civil Procedure 25(a)(1) states:

> If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of summons. The action shall be dismissed without prejudice as to the deceased party if the motion for substitution is not

9

made within ninety days after the death is suggested upon the record by service of a statement of the fact of the death as herein provided for the service of the motion.

Miss. R. Civ. P. 25(a)(1). In July 2005, the Meadowses filed their Plaintiff's Motion for Leave of Court to File First Amended Complaint in the trial court. This motion suggested the death of Louise upon the record stating, "[p]laintiff Louise Meadows died on February 27, 2005." Blake and Baptist argue that, pursuant to Rule 25, the Meadowses thus had ninety days from the date this motion was filed to file their motion for substitution with the trial Court; however, this provision is inapplicable, since the Plaintiff's Motion for Leave of Court to File First Amended Complaint also incorporated the Meadowses motion for substitution. In the motion, the Meadowses stated: "Plaintiff Lavelle Meadows is seeking this Court's permission to amend the complaint to add claims of wrongful death and to add as Plaintiffs Kaye Burt and Judy Brown, daughters and additional wrongful death beneficiaries of Louise Meadows. A copy of Plaintiff Lavelle Meadows' proposed First Amended Complaint is attached hereto as Exhibit 'A.'" Further, in the attached proposed First Amended Complaint, the Meadowses stated: "Lavelle Meadows, Kaye Burt and Judy Brown, individually and on behalf of all wrongful death beneficiaries of Louise Meadows ("Plaintiffs"), file this first amended complaint . . . ." Although the motion referenced Rule 15(a) of the Mississippi Rules of Civil Procedure and not Rule 25, in substance it was undoubtedly both a motion to substitute parties to continue Louise's claims and a motion to amend the complaint to add a wrongful-death claim. This Court maintains that "'[a] court must look to the content of the pleading to determine the nature of the action. Substance is considered over form . . . . The

10

label is not controlling.'" ***Am. Bankers Ins. Co. of Fla. v. Booth***, 830 So. 2d 1205, 1214 (Miss. 2002) (quoting ***Arnona v. Smith***, 749 So. 2d 63, 66 (Miss. 1999)).[9]

¶12. The trial court, however, never ruled on the substitution-of-parties issue, but instead declared this issue moot by way of its Order and Judgment of Dismissal With Prejudice granting Defendants' Joint Motion to Dismiss for Plaintiffs' Failure to Comply with Miss. Code Ann. § 11-1-58. "[O]nce a case becomes subject to our appellate jurisdiction, we have authority to address all matters as may appear in the interests of justice and economy." ***Pub. Employees Ret. Sys. of Miss. v. Hawkins***, 781 So. 2d 899, 901 (Miss. 2001). From the trial court's judgment of dismissal, the Meadowses appealed to this Court and now seek substitution of parties pursuant to Mississippi Rule of Appellate Procedure 43. Blake and Baptist assert that Rule 43 "has and can have no application as to Louise Meadows." Rule 43(a) states:

> If a party dies after a notice of appeal is filed or while a proceeding is otherwise pending, the personal representative of the deceased party may be substituted as a party on motion filed by the representative or by any party with the clerk of the Supreme Court. The motion of a party shall be served upon the representative in accordance with the provisions of Rule 25. If the deceased party has no representative, any party may suggest the death on the record and proceedings shall then be had as the appropriate appellate court may direct. If a party against whom an appeal may be taken dies after entry of a judgment or order in the lower court but before a notice of appeal is filed, an

---

[9]After the Meadowses filed their Plaintiff's Motion for Leave of Court to File First Amended Complaint, Baptist filed its formal Suggestion of Death. Baptist argues that this should trigger the ninety-day period under Rule 25; however, this argument is without merit, since the Meadowses previously had filed their suggestion of death and motion to substitute through their Motion for Leave of Court to File First Amended Complaint and attached proposed amended complaint.

appellant may proceed as if death had not occurred. After the notice of appeal is filed, substitution shall be effected in the appellate court in accordance with this Rule 43(a). If a party entitled to appeal shall die before filing a notice of appeal, the notice of appeal may be filed by that party's personal representative, or, if there is no personal representative, by that party's attorney of record within the time prescribed by these rules. After the notice of appeal is filed, substitution shall be effected in the appellate court in accordance with this Rule 43(a).

Miss. R. App. P. 43(a). In today's case, we note that Mississippi Code Section 11-51-3 states that "[a]n appeal may be taken to the Supreme Court from any final judgment of a circuit or chancery court in a civil case, not being a judgment by default, *by any of the parties or legal representatives of such parties . . . ."* Miss. Code Ann. § 11-51-3 (Rev. 2002) (emphasis added). *See also DeSoto Times Today v. Memphis Publ'g Co.*, 991 So. 2d 609, 612 (Miss. 2008). As such, Lavelle, as both a party to this action and certainly a legal representative of Louise, being her husband, was entitled to appeal to this Court from the final judgment of the Hinds County Circuit Court subsequent to Louise's death. Thus, according to Rule 43(a), once a notice of appeal has been filed, "substitution shall be effected in the appellate court in accordance with this Rule 43(a)," and this rule is applicable to Louise.

¶13. Rule 43 is likewise applicable to Lavelle, who died while this matter was pending before this Court, and subsequent to his death, counsel for the Meadowses properly suggested his death on the record. Accordingly, the Meadowses' Rule 43(a) Motion to Substitute "as named plaintiffs and appellants in place of Lavelle Meadows, deceased, and Louise Meadows, deceased, the following: Kaye Burt, individually and as administratrix, heir and wrongful death beneficiary of the estate of Louise Meadows, deceased, and as

12

administratrix and heir of the estate of Lavelle Meadows, deceased; and Judy Brown, individually and as heir and wrongful-death beneficiary of the estate of Louise Meadows, deceased, and as heir of the estate of Lavelle Meadows, deceased" is properly before this Court. For the reasons stated, we find that Kaye Burt, individually and as administratrix, heir and wrongful-death beneficiary of the estate of Louise Meadows, deceased, and as administratrix and heir of the estate of Lavelle Meadows, deceased, and Judy Brown, individually and as heir and wrongful-death beneficiary of the estate of Louise Meadows, deceased, and as heir of the estate of Lavelle Meadows, deceased, should be substituted for Louise and Lavelle Meadows as plaintiffs and appellants in this action.[10]

## II. WHETHER BLAKE AND BAPTIST WAIVED THE DEFENSE OF THE MEADOWSES' LACK OF STRICT COMPLIANCE WITH MISSISSIPPI CODE SECTION 11-1-58 (4).

¶14. The Meadowses assert that Blake and Baptist "waived their objection to [the Meadowses'] lack of strict compliance with Miss. Code Ann. § 11-1-58(4) due to their unreasonable delay in pursuing the defense for nearly three years and until after [the Meadowses] designated their experts and otherwise after actively litigating the merits of the case." This Court has held that "[a] defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver." *MS Credit Center, Inc. v. Horton*, 926

_____

[10]Simultaneously with the issuance of today's opinion, this Court has entered an order granting Appellants' Rule 43(a) Motion to Substitute.

So. 2d 167, 180 (Miss. 2006). In **Horton**, the defendants delayed pursuing their right to compel arbitration for eight months while participating in the litigation process. **Id**. at 180-81. This Court held "that – absent extreme and unusual circumstances – an eight month unjustified delay in the assertion and pursuit of any affirmative defense or other right which, if timely pursued, could serve to terminate the litigation, coupled with active participation in the litigation process, constitutes waiver as a matter of law." **Id**. at 181.

¶15. In today's case, Baptist and Blake both asserted the defense of the Meadowses' failure to comply with Section 11-1-58 in their answers, which were filed on January 14 and 20, 2005, respectively. However, Baptist and Blake failed to further assert or pursue this defense until they filed their Joint Motion to Dismiss for Plaintiffs' Failure to Comply with the Requirements of Miss. Code Ann. § 11-1-58 on March 30, 2007. The Meadowses filed their second Certificate of Plaintiffs' Attorney pursuant to Section 11-1-58 on June 13, 2005, which still did not trigger Baptist's and Blake's pursuit of their defense. During this two-year delay, Baptist and Blake also participated actively in the litigation process. They filed a motion for partial summary judgment, participated in discovery, filed a motion to compel, entered into three scheduling orders, and designated experts.[11] In **East Mississippi State Hospital v. Adams**, the defendants raised the defenses of insufficiency of process and insufficiency of service of process in their answer but failed to pursue them until almost two

---

[11]Baptist and Blake did not file their motion to dismiss until after the Meadowses had filed their expert designation, even though the primary purpose of Section 11-1-58 is to "prevent the filing of frivolous suits that are not well founded in the law." **Johnson v. Rao**, 952 So. 2d 151, 164 (Miss. 2007) (Graves, J., dissenting).

years later, while actively participating in the litigation. *E. Miss. State Hosp. v. Adams*, 947 So. 2d 887, 890-91 (Miss. 2007). This Court concluded, citing *Horton*, that the defendants had waived the defenses. *Id*. at 891. *See Estate of Grimes v. Warrington*, 982 So. 2d 365, 370 (Miss. 2008) (failure actively and specifically to pursue affirmative defense while participating in litigation served as waiver of defense). The same must hold true today. In that Baptist and Blake actively participated in the litigation of the merits of this case for two years without pursuing their defense of the Meadowses' lack of strict compliance with Section 11-1-58, and in that there are no extreme and unusual circumstances, Baptist and Blake waived the defense. We therefore reverse the trial court's grant of Defendants' Joint Motion to Dismiss for Plaintiffs' Failure to Comply with Miss. Code Ann. § 11-1-58 and dismissal with prejudice, and we remand this case for further proceedings. Also, finding this issue dispositive, we elect not to address the remaining issues on appeal.

## CONCLUSION

¶16.    For the reasons stated, we find that the Meadowses' Rule 43(a) Motion to Substitute has merit, and the substitution of parties is granted. In that Blake and Baptist waived their defense of the Meadowses' failure to comply with Section 11-1-58, the trial court erred in granting Defendants' Joint Motion to Dismiss for Plaintiffs' Failure to Comply with Miss. Code Ann. § 11-1-58. Thus, we reverse the Hinds County Circuit Court's Judgment of Dismissal and remand this case for further proceedings consistent with this opinion.

¶17.    **REVERSED AND REMANDED.**

15

**WALLER, C.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. GRAVES, P.J., CONCURS IN RESULT ONLY. WALLER, C.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR AND PIERCE, JJ.**

**WALLER, CHIEF JUSTICE, SPECIALLY CONCURRING:**

¶18.    I am compelled to write separately to explain our conclusion regarding the defendants' waiver of Section 11-1-58. It is undisputed that the Meadowses filed their complaint on August 31, 2004, and that they had requested medical records from the defendants prior to filing but had not received them. In this situation, Section 11-1-58(4) required the Meadowses to file their certificate of expert consultation within ninety (90) days of receiving the records. Miss. Code Ann. § 11-1-58(4) (Rev. 2002).

¶19.    The Meadowses received the medical records on September 10, 2004, so they had ninety days, or until December 9, 2004, to file their certificate. That date came and went without a certificate being filed.[12] Thus, the defendants filed their answers on January 14 and 20, 2005, in which they raised the affirmative defense of Section 11-1-58 and included motions to dismiss based on the Meadowses' failure to comply with Section 11-1-58. Thereafter, the defendants participated extensively in the litigation process for more than two years, until they filed another motion to dismiss based on Section 11-1-58 on March 30, 2007.

---

[12] The Meadowses did not file their certificate of expert consultation until June 13, 2005.

16

¶20.    In ***Horton***, this Court held that "[a] defendant's failure to timely and reasonably raise *and pursue* the enforcement of any affirmative defense . . . *which would serve to terminate* . . . *litigation*, coupled with active participation in the litigation process, will ordinarily serve as a waiver." ***MS Credit Center, Inc., v. Horton***, 926 So. 2d 167, 180 (Miss. 2006) (emphasis added). The emphasized portions of this rule are very important. Put simply, the defendant generally must timely *raise* all affirmative defenses, but if the defense is one which *would* terminate the litigation, the defendant must also timely *pursue* the enforcement of the defense.

¶21.    The pursuit of enforcement is the most important action necessary to preserve such a defense. We noted in ***Horton*** that "a party need only assert it in a pleading, bring it to the court's attention by motion, and request a hearing. Once a hearing is requested, any delay by the trial court in holding the hearing would not constitute a waiver." ***Horton***, 926 So. 2d at 181, n.9. These are the steps which a defendant must take to timely and reasonably raise *and pursue* the enforcement of a defense which would serve to terminate the litigation. But these requirements presuppose that the defendant knows or should know that the defense *would* (not could) terminate the case.

¶22.    Here, the defendants timely *raised* Section 11-1-58 by including it in their answers, and they brought it to the court's attention by including with their answers, motions to dismiss based on Section 11-1-58. But at the time the defendants filed their answers, there was no doubt that the plaintiffs had failed to comply with Section 11-1-58(4). The defendants knew the date on which the Meadowses had received the medical records, that

17

ninety days had passed since their receipt of the records, and that no certificate had been filed in that time. Thus, the defendants knew as early as December 10, 2004, that the application of Section 11-1-58 *would* serve to terminate the Meadowses' case. And there was absolutely nothing preventing the defendants from *pursuing* the enforcement of Section 11-1-58 and achieving that termination by requesting a hearing on their motion to dismiss. Therefore, because they continued to participate actively in the litigation for more than two years, while sitting on their Section 11-1-58 defense, the defendants waived it.

**CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR AND PIERCE, JJ., JOIN THIS OPINION.**

18