# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-01471-SCT

*LOGGERS, L.L.C., A MISSISSIPPI LIMITED
LIABILITY COMPANY AND GARY
TROESCHER, INDIVIDUALLY*

*v.*

*1 UP TECHNOLOGIES, L.L.C., A LOUISIANA
LIMITED LIABILITY COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/31/2009 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | NATHAN S. FARMER |
| ATTORNEY FOR APPELLEE: | MICHAEL CHAD MOORE |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 01/06/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRAVES, P.J., DICKINSON AND CHANDLER, JJ.**

**GRAVES, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This is an appeal from the Circuit Court of Pearl River County involving whether the appellants waived an affirmative defense by not specifically asserting it in their answer. Because the appellants are barred from raising the affirmative defense for the first time at trial, we affirm the judgment of the trial court.

## FACTS

¶2.     In April 2007, Loggers, LLC, and Gary Troescher ("Loggers") entered into an oral contract with 1 Up regarding equipment and services for Loggers' computer gaming business

in Pearl River County. A dispute arose, and 1 Up ultimately filed suit on October 10, 2007, against Loggers for $8,783.33 owed on the contract and $2,195.83 in attorney's fees. 1 Up obtained a default judgment against Loggers, but the default judgment later was set aside by the trial court. On May 7, 2008, Loggers filed its Amended Combined Answer, Affirmative Defenses and Counter-Claim(s) of the Defendants, which contained various affirmative defenses.

¶3. The trial was held before a special master on February 10, 2009. At the close of 1 Up's case-in-chief, Loggers moved for dismissal under Mississippi Rules of Civil Procedure 12(b)(6) and 41(b) on the ground that 1 Up was barred from bringing suit under Mississippi Code Section 79-29-1007(1). The special master took the motion under advisement, and Loggers proceeded with its case. On July 9, 2009, the special master issued her report, wherein she found that Loggers had waived its right to assert the affirmative defense under Mississippi Code Section 79-29-1007(1) by failing to raise it in its answer and by raising it for the first time at trial. Loggers objected to the special master's report. However, the special master's report was adopted by the Circuit Court of Pearl River County, which entered final judgment on August 5, 2009, in favor of 1 Up in the amount of $10,979.19 plus court costs. Thereafter, Loggers appealed.

## ANALYSIS

¶4. This Court reviews issues of law, including those involving a motion to dismiss or a motion for directed verdict, under a de novo standard. ***Howard v. Estate of Harper ex rel. Harper***, 947 So. 2d 854, 856 (Miss. 2006). *See also* ***Forbes v. Gen. Motors Corp.***, 935 So. 2d 869, 873 (Miss. 2006).

2

¶5.     Loggers asserts that it preserved its right to the affirmative defense that 1 Up is barred from filing or maintaining this action pursuant to Section 79-29-1007(1) by the inclusion of general language from Mississippi Rule of Civil Procedure 12(b)(6) in its response. Loggers' response, filed May 07, 2008, asserted various affirmative defenses, and included the following language:

> Defendants would assert the Plaintiff's Complaint fails to state a claim for which the Plaintiff may be granted relief as against the Defendants. Defendant, Gary Troescher, also asserts the Complaint of Plaintiff fails to state any claim for relief against the Defendant, Troescher, individually, due to the fact that at all times that any contractual relationship existed solely between Defendant, Loggers, L.L.C., A Mississippi Limited Liability Company and the Plaintiff.

¶6.     At the close of 1 Up's case-in-chief during the trial of this matter on February 10, 2009, Loggers moved for involuntary dismissal under Rule 41(b)[1] pursuant to Mississippi Code Section 79-29-1007(1), which states: "A foreign limited liability company transacting business in this state may not maintain any action, suit, or proceeding in any court of this state until it has registered in this state." Miss. Code Ann. § 79-29-1007(1) (Rev. 2009).

¶7.     The special master found that 1 Up was not registered to do business in Mississippi and was unable to bring a lawsuit pursuant to Section 79-29-1007(1). But the special master also found that this assertion was an affirmative defense that should have been raised by Loggers prior to trial. The special master further found as follows: "After reviewing all pleadings in this matter, the first mention of this defense was asserted at trial. This lawsuit

---

[1] Rule 41(b) states, in relevant part: "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." Miss. R. Civ. P. 41(b).

3

was filed on October 10, 2007 and the Defendants have actively participated in the litigation since its inception and have thereby waived this defense." The special master quoted *East Mississippi State Hospital v. Adams*, 947 So. 2d 887, 891 (Miss. 2007) (quoting *MS Credit Center, Inc. v. Horton*, 926 So. 2d 167, 181 (Miss. 2006)), for the following: "A defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver."

¶8. The circuit court adopted the special master's findings and further said: "However, this Court is of the opinion that a specific affirmative defense, such as this, cannot be raised in a general 12(b)(6) defense provision. Furthermore, any Rule 12(b)(6) motions or assertions must be addressed prior to trial, not at a Motion for Directed Verdict."

¶9. Loggers asserts that the trial court erred and that the boilerplate language from Rule 12(b)(6) included in its response was sufficient to preserve the right later to assert Section 79-29-1007(1) at trial. Rule 12 states, in relevant part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
> . . .
> (6) Failure to state a claim upon which relief can be granted. . . .

Miss. R. Civ. P. 12(b)(6). Further, the comment to Rule 12 provides, in relevant part:

> Rules 12(b)(6) and 12(c) serve the same function, practically, as the general demurrer. [Citations omitted]. They are the proper motions for testing the legal sufficiency of the complaint; to grant the motions there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim.

4

Miss. R. Civ. P. 12 cmt.

¶10. Loggers relies on *Howard v. Estate of Harper ex rel. Harper*, 947 So. 2d 854 (Miss. 2006) and *Transocean Enterprise, Inc. v. Ingalls Shipbuilding, Inc.*, 33 So. 3d 459 (Miss. 2010), as authority for the proposition that a general Rule 12(b)(6) assertion is sufficient to preserve a later issue. In *Howard*, this Court, without explanation, found that a general Rule 12(b)(6) assertion in a motion to dismiss was sufficient to preserve for appeal an issue of medical malpractice liability. *Howard*, 947 So. 2d at 860. In *Transocean*, the majority of this Court did not address the waiver issue, but found that the "trial court justifiably did not address the implications" of the relevant statute. *Transocean*, 33 So. 3d at 463.

¶11. However, in reaching our decision today, we rely on *Burleson v. Lathem*, 968 So. 2d 930 (Miss. 2007), and *East Mississippi State Hospital v. Adams*, 947 So. 2d 887 (Miss. 2007). As stated previously herein, the complaint in this matter was filed on October 10, 2007. The trial occurred more than a year later on February 10, 2009. The record in this matter indicates that Loggers actively participated in the litigation. Loggers cannot merely assert a general defense in its initial response to preserve any other defenses that might be asserted months or years later. *See Burleson*, 968 So. 2d at 934-37, and *East Mississippi State Hospital*, 947 So. 2d at 890-91. For these reasons, we affirm the judgment of the Circuit Court of Pearl River County.

¶12. **AFFIRMED.**

**WALLER, C.J., CARLSON, P.J., KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. RANDOLPH, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. DICKINSON AND LAMAR, JJ., CONCUR IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.**