DICKINSON, Justice,
for the Court.
¶ 1. In this venue case, the question presented is whether the trial court abused its discretion when it denied the defendant’s motion to transfer venue to Rankin County. Because we conclude that venue is proper only in Rankin County, we reverse.
FACTS AND PROCEDURAL HISTORY
¶ 2. On October 10, 2003, American Family Life Assurance of Columbus (AF-LAC) agents Richard and Anita Atkinson issued a life insurance policy to Henry Myers, whose son, Virgil Ellison, was the named beneficiary under the policy. Myers died on October 13, 2003, and Ellison filed a claim with AFLAC for the insurance benefits. In a letter dated January 28, 2004, AFLAC refused the claim, stating “we must decline this claim and rescind this policy.” Ellison filed a complaint in the Circuit Court of Smith County against AFLAC; Richard and Anita Atkinson, individually; and Richard and Anita Atkinson d/b/a AFLAC/Anita Atkinson; alleging that all “breached their duty of fair dealing and good faith owed to [Ellison] in failing to pay the full benefits to which he is entitled....”
¶ 3. AFLAC filed its answer and asserted improper venue as one of its affirmative defenses. Thereafter, Richard and Anita Atkinson filed separate answers.
¶ 4. AFLAC filed a “Rule 82(d) Motion to Transfer,” arguing that Ellison’s complaint “fail[ed] to establish that any alleged substantial acts or omissions or any alleged events that caused [Ellison’s] alleged injuries occurred in Smith County, Mississippi so as to provide venue in this [e]ourt.” AFLAC claimed venue was proper in Rankin County pursuant to Mississippi Code Annotated Section 11-11-3, because that was where its codefendants resided and had their principal place of business.
¶ 5. Ellison filed a brief in response to AFLAC’s motion to transfer venue, arguing that venue was proper in Smith County under Mississippi Code Annotated Section 11-11-3, because his cause of action occurred or accrued in Smith County. AFLAC responded to Ellison’s brief by reiterating its previous arguments.
¶ 6. In denying AFLAC’s motion to transfer, the circuit judge stated:
My reasons for reaching that conclusion are as follows, to-wit:
1. ' According to the complaint, the plaintiff is a resident of Smith County, Mississippi;
2. Proceeds from the life insurance policy alleged in the complaint were payable to the plaintiff in Smith County; and
3. Failure to pay was a substantial omission and gave rise to this cause of action, thus satisfying paragraph (l)(a)(i) of Section 11-11-3.
Thereafter, the circuit court entered its official order denying AFLAC’s motion for change of venue. AFLAC filed a petition for interlocutory appeal, which this Court granted.
*1051 ¶ 7. AFLAC claims the trial court erred in denying its motion to transfer venue. Specifically, AFLAC claims that venue is not proper in Smith County, as “(1) all resident [defendants reside or have their principal place of business in Rankin County, and (2) no alleged substantial acts, omissions or events that caused claimed injury occurred in Smith County.”
ANALYSIS
¶8. This Court will not disturb a trial court’s ruling regarding venue “unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances of the case.” Hedgepeth v. Johnson, 975 So.2d 235, 237 (Miss.2008) (quoting Hayes v. Entergy Miss., Inc., 871 So.2d 743, 746 (Miss.2004)).
¶ 9. Mississippi Code Annotated, Section ll-ll-3(l)(a)(i) states:
Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant [1] resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.
Miss.Code Ann. § 11 — 11—3(l)(a)(i) (Rev. 2004). Thus, according to the plain language of the statute, Ellison may set venue in either: (1) the county where the defendant resides; (2) the county of a corporation’s principal place of business; or (3) the county “where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.”
¶ 10. It is undisputed that the At-kinsons (who are defendants) reside in Rankin County, and that AFLAC’s principal place of business is outside Mississippi. Thus, pursuant to the plain language of the statute, the action must be commenced in Rankin County, unless Ellison can show that a “substantial act or omission” or a “substantial event causing the injury” occurred in Smith County. However, in searching the record for activity which occurred in Smith County, we find only that Ellison was in Smith County when he was informed of the denial of insurance benefits. We previously have held that simply experiencing the effects of an act or omission in a county is insufficient to establish venue. See Med. Assurance Co. v. Myers, 956 So.2d 213 (Miss.2007) (“receipt of information in [the plaintiff-insured’s county of residence] is a passive function of his presence there and is not a substantial event causing the damages he claims”). Therefore, according to the plain language of section 11 — 11—3(l)(a)(i), venue is proper only in Rankin County.
¶ 11. In addressing the concerns raised by our learned colleagues in the dissent, we agree that the Atkinsons failed to raise the defense of improper venue and, thus, waived it. We do not agree, however, that the defense belongs exclusively to the Atkinsons, nor do we agree that their waiver acted to completely remove them from the action as far as determining proper venue for the case. Although we have not squarely faced this question before, the Oklahoma Supreme Court has, and it framed the issue well, stating: “The fact that one of several defendants submits to the jurisdiction of the court does not change the venue of the cause of action. It is merely a waiver of *1052 that defendant’s -personal right to demand a trial of the case in the county where the venue is fixed by statute.” City of Cleveland v. Cheatham, 285 P.2d 205, 207 (Okla.1955) (emphasis added).
¶ 12. Thus, the dissent’s decision to analyze this case under paragraph (b) is incorrect, as the venue of the “cause of action” is proper in Rankin County under paragraph (a). We disagree with the dissent’s claim that our holding “renders the Atkinsons’ waiver ineffectual,” as they did effectively waive their personal right to require a transfer of venue to Rankin County.
¶ 13. Finally, the dissent incorrectly reads Mississippi Rule of Civil Procedure 12(h)(1) as conferring an exclusive right on a particular defendant to assert a defense, and that one defendant may waive the defense on behalf of all defendants. Nothing in the rule or our jurisprudence suggests such an interesting interpretation.
CONCLUSION
¶ 14. For the reasons stated above, we reverse the trial court’s denial of AFLAC’s motion to transfer venue and remand this case to the trial court with instructions to transfer it to the Circuit Court of Rankin County.
¶ 15. REVERSED AND REMANDED.
WALLER, C.J., CARLSON, P.J., LAMAR AND PIERCE, JJ., CONCUR. GRAVES, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION. RANDOLPH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND CHANDLER, JJ.

. The term "the defendant" also extends to and embraces the plural. See Miss.Code Ann. § 1-3-33 (Rev.2005).