KING, Justice,
concurring in part and dissenting in part:
¶ 21. I concur with the Majority’s result that Pass waived its contractual right to compel arbitration. However, I dissent from the Majority’s holding that Pass’s waiver of arbitration does not operate as a waiver of its agent’s right to arbitrate. I agree that Alfonso does have the right, as an express agent of Pass, to compel Lemon Drop into arbitration based on the agreement between Pass and Lemon Drop. Sawyers v. Herrin-Gear Chevrolet Co., Inc., 26 So.3d 1026, 1037 (¶ 32) (Miss.2010) (citations omitted). Even so, in recognition of the application of agency principles, I respectfully dissent to the Majority’s conclusion that Pass’s waiver of arbitration is not imputed to Alfonso.
¶ 22. The Majority has held that American Family Life Assurance of Columbus v. Ellison, 4 So.3d 1049, 1052 (¶¶ 11-13) (Miss.2009), is applicable to the instant case, and a particular defendant cannot waive a defense on behalf of all defendants. I do not find Ellison applicable. In Ellison, Ellison filed a complaint against AFLAC and two agents, in their individual and corporate capacities, for a breach of duty of good faith and fair dealing. Id. at 1050 (¶ 2). AFLAC filed its answer and asserted improper venue as one of its affirmative defenses. The two agents filed a separate answer, but “failed to raise the defense of improper venue and, thus, waived it.” Id. at 1051 (¶ 11).
¶ 23. The instant case is distinguishable from Ellison. The complaint does not specify that Alfonso is being sued in its individual capacity, and if the claims were against Alfonso in its individual capacity, the arbitration agreement would not apply. “A third party who is a non-signatory to a contract should not be able to enforce an arbitration agreement ... where there is no alter ego, parent/subsidiary, agency, or other form of close legal relationship alleged....” Sawyers, 26 So.3d at 1039 (¶ 32) (citation omitted).
¶ 24. In Ellison, this Court recognized that the defense of improper venue was a personal defense that did not belong to one defendant exclusively. Id. at 1051 (¶ 11). Thus, this Court held that the agents’ waiver of venue did not waive the defense for AFLAC. Id. The Majority applies the holding from Ellison and states that “a motion to compel arbitration is no less personal than a motion to transfer venue.” (Maj. Op. at ¶ 16). In seeking to support its position with Ellison, the Majority fails to realize that, under the facts of Ellison, any other holding would be completely contrary to agency law. While it is true *1139 that an agent may bind his principal, that does not apply where the principal has clearly, and in advance, adopted a contrary position. Northlake Dev. L.L.C. v. Bank-Plus, 60 So.3d 792, 796 (¶ 13) (Miss.2011).
¶ 25. The right to arbitrate is purely contractual. Qualcomm Inc. v. American Wireless License Group, LLC, 980 So.2d 261 (Miss.2007). Pass’s contractual right to arbitration was extended to Alfonso, only as an agent of Pass. Accordingly, Alfonso’s right to arbitration is not a personal defense and should be governed according to the principles of agency.
¶ 26. “[A]n agent is one who stands in the shoes of his principal; he is his principal’s alter ego ...” Aladdin Constr. Co., Inc. v. John Hancock Life Ins. Co., 914 So.2d 169, 175 (¶ 10) (Miss.2005) (citation omitted). Pass waived its right to invoke arbitration. Thus, Alfonso, stepping into the shoes of Pass, had no right to assert a separate right to arbitration for actions taken solely as the agent of Pass, where Pass had chosen to waive that right.
¶ 27. The Majority seems to suggest that a motion to compel arbitration and a motion to transfer venue are so similar that they must be treated the same. That view is overly simplistic. Arbitration is a matter of contractual agreement, while venue is not.[9] Venue refers solely to the forum in which the dispute is to be resolved. Blacldedge v. Scott, 530 So.2d 1363, 1365 (Miss.1988). By way of example; the question of whether a dispute is one which is properly tried in the Circuit Court of Panola County rather than the Circuit Court of Harrison County is determined by statute. See Miss.Code Ann. § 11-1-3 (Rev.2004). However, no matter where the proper venue lies, the process is the same. That process includes the application of the Rules of Civil Procedure, the application of the Rules of Evidence, the right to have matters of fact determined by a jury which is representative of the community, the right to have questions of law resolved by a judge, and, perhaps most important, the right to appeal any adverse decision. Arbitration not only changes the forum in which the dispute is to be resolved, it also changes these and other rights.
¶ 28. For the aforementioned reasons, I dissent to the Majority’s conclusion that Pass’s waiver of arbitration is not imputed to Alfonso.[10] I would hold that Pass waived the right for both itself and its agent, Alfonso.
KITCHENS, J., JOINS THIS OPINION.

. In an effort to camouflage its overly simplistic analysis, the Majority takes out of context my view of venue. (Maj. Op. at n. 5). If the Majority wishes to quote, it should do an appropriate quote which places the statement in context. Such a quote would be:
Arbitration is a matter of contractual agreement, while venue is not. Venue refers solely to the forum in which the dispute is to be resolved. Blacldedge v. Scott, 530 So.2d 1363, 1365 (Miss.1988). By way of example; the question of whether a dispute is one which is properly tried in the Circuit Court of Panola County rather than the Circuit Court of Harrison County is determined by statute. See Miss.Code Ann. § 11-1-3 (Rev.2004).
While venue may be subject of a contractual agreement, contrary to the suggestion of the Majority, venue is generally not a matter of contract.

. The Majority notes this issue to be a matter of first impression in this State, and then states the lack of authority to support the separate opinion. (Maj. Op. at n. 8). Any reader can note that the only authorities which the Majority cites are nonbinding decisions from other jurisdictions. These decisions are doubtlessly just as wrong.