# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CA-00152-SCT
## CONSOLIDATED WITH
## NO. 2010-CA-00122-SCT

*DAVID H. NUTT, MARY KIRCHBAUM*
*MCALISTER, NUTT & MCALISTER, PLLC,*
*DAVID NUTT, P.A. AND DAVID NUTT &*
*ASSOCIATES, P.C.*

*v.*

*DEREK A. WYATT*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/22/2011 |
| TRIAL JUDGE: | HON. EDWARD C. PRISOCK |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JOSEPH ANTHONY SCLAFANI |
| | CHRISTOPHER A. SHAPLEY |
| | LAWRENCE ELVIN ALLISON |
| | WILLIAM H. LISTON, JR. |
| | WILLIAM LISTON, III |
| ATTORNEYS FOR APPELLEE: | MICHAEL D. SIMMONS |
| | DONNA MARIE MEEHAN |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 02/21/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON AND RANDOLPH, P.JJ., AND PIERCE, J.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Before the Court is an appeal of the Lafayette County Circuit Court's denial of a

motion to compel arbitration. Nutt & McAlister, PLLC; David Nutt & Associates, PC; David

H. Nutt; and Mary Krichbaum McAlister ("Nutt, et al.") sought to enforce the mandatory

arbitration provision in a contract titled "In Re: Katrina Litigation Joint Venture Agreement" ("Katrina JVA"). In a prior appeal, this Court settled the issue as to whether Appellee Wyatt's claims were related to the Katrina JVA. The sole issue for determination is whether the trial court erred by finding that Nutt, et al., *waived their right to enforce* the provision.

¶2.     We conclude that Nutt, et al., did not waive their right to compel arbitration. In their initial responsive pleading, Nutt, et al., denied the validity of Wyatt's claim to entitlement under the Katrina JVA, and, alternatively, sought enforcement of the provision, should a court find Wyatt's claims related to the Katrina JVA. The proceedings in the trial court were stayed, pending this Court's decision on whether Wyatt's claims were related to the Katrina JVA. This Court reversed the trial court and held that Wyatt's claims were subject to the arbitration provision of the Katrina JVA.[1] One week after the mandate issued, Nutt, et al., filed their motion to compel arbitration. Finding that Nutt, et al., timely asserted – not once, but twice – a right to enforce the provision, we reverse the judgment of the trial court and remand this matter with instruction to refer Wyatt's claims to arbitration.

## FACTS AND PROCEDURAL HISTORY

¶3.     The Scruggs Law Firm, Inc. and Nutt & McAlister, PLLC, among others, formed the Katrina Joint Venture ("KJV") to represent insureds against insurers for Hurricane Katrina

---

[1]In the Scruggs Law Firm's and Richard Scruggs's (collectively "Scruggs's") appeal of their motion to compel arbitration, we held that the oral employment contract between Wyatt and Nutt, et al., which Wyatt claims gave him a fee-sharing interest in the KJV, was related to the Katrina JVA and that Wyatt's fee-sharing claims were within the scope of the arbitration provision. *Scruggs v. Wyatt*, 60 So. 3d 758, 767-72 (Miss. 2011).

2

claims. Subsequently, Nutt & McAlister entered into an oral employment contract with attorney Derek Wyatt. Throughout this proceeding, Wyatt has averred that he is entitled to "a minimum 10% fee sharing interest in the Katrina Joint Venture cases." In contrast, Nutt, et al., have taken the position that they orally agreed to pay Wyatt "an annual salary of $100,000, later increased to $150,000, and a bonus calculated on the basis of 10% of the net fees that Nutt & McAlister, PLLC received from cases on which Wyatt provided substantial services to clients."

¶4.    On February 19, 2009, Nutt, et al., filed a "Verified Petition for Replevin and Complaint for Declaratory Judgment to Adjudicate Amount Owed by Nutt & McAlister, PLLC to Wyatt, or Amount Owed by Wyatt to Nutt & McAlister, PLLC" in the Madison County Chancery Court. In that action, Nutt, et al., sought a declaration of obligations related to the oral employment contract with Wyatt; their complaint did not refer to the KJV, and they did not aver that Wyatt was a party to the KJV.

¶5.    Subsequently, Wyatt elected to file the instant action in the Lafayette County Circuit Court against Scruggs and Nutt, et al., claiming that he was denied his share of KJV attorney fees as agreed upon with Nutt & McAlister. Wyatt then filed an amended complaint. In their first responsive pleading, Answer to the First Amended Complaint, Nutt, et al., pleaded, *inter alia*, the following:

> The Nutt Defendants deny that Plaintiff is or has ever been a member of the SKG/KLG Joint Venture and, thus, has no rights under the SKG/KLG Joint Venture Agreement or the law governing joint ventures. *In the event that any claim asserted by Plaintiff is deemed to be governed by the SKG/KLG Joint Venture Agreement or the laws of this State governing joint ventures,*

3

*then such claim "shall be resolved by mandatory binding arbitration" pursuant to the terms of the November 8, 2005 Joint Venture Agreement* attached as Exhibit 1 to the Complaint.

¶6. Nutt, et al., also filed a motion to transfer venue to the Madison County Chancery Court or to stay this proceeding pending final judgment in the prior-filed Madison County action. The trial court denied their motion, finding that "there appears from the pleadings and briefs to be a viable claim against *the Scruggs defendants*"[2] and that Wyatt had asserted claims entitling him to a jury trial in circuit court. (Emphasis added.)

¶7. Scruggs filed a motion to compel arbitration, seeking to compel Wyatt to arbitrate his claims against them under the arbitration provision in the Katrina JVA. The trial court denied the motion, holding that Wyatt was not subject to the Katrina JVA, because he was neither a signatory nor a third-party beneficiary to whom the provision applied. Scruggs appealed. The trial court stayed all proceedings pending this Court's decision in that appeal.

¶8. We issued our decision in that appeal on March 31, 2011. ***Scruggs v. Wyatt***, 60 So. 3d 758, 772 (Miss. 2011). We found that the arbitration provision in the Katrina JVA was valid, and that – although Wyatt was not a signatory to the Katrina JVA – the provision

---

[2]Wyatt's First Amended Complaint claimed venue in Lafayette County, based primarily on Scruggs, providing that "Scruggs is deemed for purposes of residency and domicile, to be domiciled in Lafayette County, Mississippi[,]" and "SLF, formerly the Scruggs Law Firm, is domiciled in Lafayette County, Mississippi."

applied to Wyatt under the doctrine of direct-benefit estoppel.[3] *Id.* at 767-71. We explained

as follows:

> Wyatt's Complaint . . . asserted that he is a "fee sharing participant in the Katrina Joint Venture"; a "fee sharing attorney" under the Katrina Joint Venture; that he has a "fee-sharing interest in the Katrina Joint Venture"; and that the defendants have a "fee sharing relationship" with him. *If one assumes the validity of Wyatt's assertions*, these claims allege "direct benefits" are due to Wyatt by virtue of the Katrina JVA.
>
> . . .
>
> *The foundation of Wyatt's lawsuit is premised upon a dispute with Nutt & McAlister over his compensation (fee share) directly tied to successful recovery by the Katrina Joint Venture against its client's insurers.* As such, Wyatt's claims against the Scruggs Defendants[4] are directly dependent on the Katrina JVA, and require reference thereto.
>
> . . .
>
> As *Wyatt's claims* against the Scruggs Defendants *are "determined by reference to" the Katrina JVA*, this Court concludes that direct-benefit estoppel theory requires the nonsignatory claimant, Wyatt, to arbitrate his claims against the Scruggs Defendants.

*Id.* at 770-71 (emphasis added) (citation omitted). Thus, we found that Wyatt's claims were

subject to the arbitration provision of the Katrina JVA, because the claims asserted in

Wyatt's complaint averred entitlement to direct benefits under the Katrina JVA and were

---

[3]"Direct-benefit estoppel involve[s] non-signatories who, during the life of the contract, have embraced the contract despite their non-signatory status, but then, during litigation, attempt to repudiate the arbitration clause in the contract." *Scruggs*, 60 So. 3d at 767 (citations omitted).

[4]The same reasoning applies to Wyatt's claims against Nutt, et al. His initial and amended complaints aver a fee-sharing interest in the Katrina JVA.

5

premised upon the Katrina JVA. Accordingly, we reversed the trial court and ordered a stay in the proceedings against Scruggs and a referral of those claims to arbitration. *Id.* at 773. The mandate in that appeal issued on April 25, 2011.

¶9.     One week later – on May 2, 2011 – Nutt, et al., filed a motion to remove the earlier stay granted by the trial court and to compel arbitration of Wyatt's claims. The trial court held that, under this Court's decision in the Scruggs appeal, the arbitration clause of the Katrina JVA likewise applied to Wyatt's claims against Nutt, et al. The trial court found as follows:

> The same reason the arbitration provision of the Katrina JVA is applicable to the Scruggs defendants is also applicable to the Nutt defendants. <u>Wyatt's first amended complaint</u> cannot be read without reference to the Katrina JVA because *the damages <u>he seeks</u> from the Nutt defendants are directly tied to the fees that the Nutt defendants would be entitled to as a result of the Katrina JVA*.

(Emphasis added.) However, the trial court denied the motion to compel arbitration, finding that Nutt, et al., had waived their right to compel arbitration by: (1) filing a motion to transfer venue prior to filing their motion to compel arbitration; (2) delaying 595 days before filing their motion to compel arbitration; and (3) filing a prior action in Madison County Chancery Court seeking declaratory judgment regarding Wyatt's rights under the oral employment contract. Nutt, et al., are before this Court on appeal of that ruling.

**LAW AND ANALYSIS**

¶10.    "This Court reviews the grant or denial of a motion to compel arbitration de novo." ***Scruggs v. Wyatt***, 60 So. 3d 758, 766 (Miss. 2011) (citations omitted).

6

¶11.    We find that the trial court erred by finding that Nutt, et al., waived their right to compel arbitration. We do not favor findings of waiver of the right to compel arbitration. *MS Credit Center, Inc. v. Horton*, 926 So. 2d 167, 179 (Miss. 2006) ("This Court has stated that the 'waiver of arbitration is not a favored finding, and there is a presumption against it.'") (citations omitted). However, we will recognize waiver when the party seeking arbitration takes actions inconsistent with enforcing arbitration, succinctly stated as follows:

> This Court has held that arbitration can be waived where a party "*actively participates in a lawsuit or takes other action inconsistent with* [*the right to arbitration*]."[5] . . . Ten years later, this Court qualified the precepts of *Cox*, stating that arbitration may be waived where a party "*substantially invokes the judicial process to the detriment or prejudice of the other party*."[6] . . . "[W]e will not hesitate to find a waiver of the right to compel arbitration" for a "*delay in pursuing the right, coupled with active participation in the litigation process*."[7] . . . In summary, **either [1]** *active participation or substantial invocation of the litigation process which results in detriment or prejudice to the other party*, **or [2]** *engaging in conduct inconsistent with timely enforcing the arbitration agreement*, **constitutes waiver.**

*Century 21 Maselle and Associates, Inc. v. Smith*, 965 So. 2d 1031, 1036 (Miss. 2007) (emphasis added).

¶12.    We have found waiver in numerous cases, all of which are factually distinguishable from the case *sub judice*. We found waiver "due to 'extensive' pre-trial litigation, where the

---

[5]Citing *Cox v. Howard, Weil, Labouisse, Friedrichs, Inc.*, 619 So. 2d 908, 914 (Miss. 1993) (brackets in original) (quoting *Cornell & Co. v. Barber & Ross Co.*, 123 U.S. App. D.C. 378, 360 F. 2d 512, 513 (D.C. Cir. 1966)).

[6]Citing *Univ. Nursing Assocs., PLLC v. Phillips*, 842 So. 2d 1270, 1278 (Miss. 2003).

[7]Citing *MS Credit Center v. Horton*, 926 So. 2d 167 (Miss. 2006).

party seeking to enforce arbitration had filed a 'summary judgment motion, requested two continuances, appealed to this Court based on a pre-trial ruling, and had requested various types of discovery.'" *Horton*, 926 So. 2d at 179-80 (discussing and quoting *Cox*, 619 So. 2d at 914). Similarly, we found waiver "where the movant delayed for 237 days before moving to compel arbitration, failed to raise the defense of arbitration in the initial pleading, requested a jury trial in its answer, and thereafter proceeded with discovery." *Horton*, 926 So. 2d at 180 (discussing *Pass Termite and Pest Control v. Walker*, 904 So. 2d 1030, 1035 (Miss. 2004)). We again found waiver where a party "answered the original Complaint, but failed to assert arbitration as an affirmative defense, and instead demanded a jury trial[;] . . . joined in an agreed 'Order Setting Trial Date' and engaged in discovery[;]" and thereafter – "[t]wo-hundred-and-fifty-two (252) days after the Complaint was filed" – attempted to assert a right to arbitration. *Lemon Drop Props., LLC v. Pass Marianne, LLC*, 73 So. 3d 1131, 1135 (Miss. 2011) (emphasis added). In *Horton*, although the defendants asserted their right to arbitration in their answer, they subsequently waived that right because, "rather than proceeding within a reasonable time to file a motion to compel arbitration and request a hearing on the motion, defendants proceeded to substantially engage the litigation process by consenting to a scheduling order, engaging in written discovery, and conducting [a] deposition." *Horton*, 926 So. 2d at 180. The *Horton* Court explained that the "[d]efendants ha[d] provided no plausible explanation for [their] delay." *Id.* These cases correctly state the law. However, all are factually distinguishable from the case *sub judice*.

8

¶13. The defendant's conduct in each of these cases was inconsistent with the principles set forth in *Century 21*. Another common thread throughout the cited cases, and not present in the case at bar, is that the defendants had no plausible explanations for the delays in filing their motions to compel arbitration. In contrast, we have found that a request for a jury trial made simultaneously with an assertion of a right to arbitration *did not* "rise to the level of active participation in the lawsuit . . . , substantial invocation of the judicial process . . . , or a 'delay in pursuing the right.'" *Century 21*, 965 So. 2d at 1037. The actions of Nutt, et al., in this case most closely resemble the facts in *Century 21*.

¶14. In their first responsive pleading, before this Court's decision that the Katrina JVA applied to Wyatt's claims, Nutt, et al., preserved their right in the alternative to compel arbitration, in the event of a judicial determination that the Katrina JVA applied to Wyatt's claims. When we declared that the Katrina JVA did apply, they timely filed a motion to compel arbitration, within one week of the mandate. We find that the conduct of Nutt, et al., was consistent with timely seeking to compel arbitration, once this Court held that Wyatt's claims were related to the Katrina JVA. Accordingly, we conclude that Nutt, et al., did not waive their right to enforce the provision.

1) Motion to Transfer Venue or Stay Proceedings

¶15. The Madison County proceeding was predicated on Nutt, et al., seeking judicial resolution of mutual obligations based on an oral agreement. The case made no reference to the Katrina JVA. It was not until Wyatt averred a right to benefits from the Katrina JVA, that the Katrina JVA was interjected as an issue in the parties' dispute. Consistent with the

9

position of Nutt, et al., that the Katrina JVA did not apply to the oral employment dispute, Nutt, et al., filed a motion seeking to transfer their dispute with Wyatt to Madison County – the venue of their prior-filed action seeking declaration of the terms of the oral employment contract – or, in the alternative, to stay the proceedings in this case pending final judgment in the Madison County action. We find that Nutt, et al., did not waive their right to compel arbitration by filing an alternative motion to transfer venue. Seeking to transfer venue was entirely consistent with the answer of Nutt, et al. – that the Katrina JVA did not apply, and Wyatt's claims against Nutt, et al., arose solely out of an oral agreement. Nor should a party be penalized for pleading what our law requires. Mississippi Rule of Civil Procedure 12 mandates that Motions to Transfer Venue be served at the time answer is due, either in the Answer or by separate motion as provided in Rule 12(b)(3). Nutt, et al., filed their motion to transfer venue before any court had declared that the Katrina JVA applied to Wyatt's claims. Accordingly, Nutt, et al., preserved in their initial responsive pleading their right to compel arbitration *in the event the Katrina JVA was judicially declared to apply*.

2) Stay and Motion to Compel Arbitration

¶16.    Even though the circuit court denied the motion to transfer or to stay the proceedings pending final judgment in the Madison County action filed by Nutt, et al., it did enter a stay of the proceedings pending this Court's decision in Scruggs's appeal. The stay was entered on January 18, 2010, and this Court issued its mandate in the Scruggs appeal on April 21, 2011 – a period of 448 days. Thus, the court-imposed stay assured no detriment or prejudice to either party. The stay was in effect for the majority of the time that the trial judge charged

10

Nutt, et al., with delay. We find that Nutt, et al., did not unreasonably delay filing a motion to compel arbitration by abiding with a court-imposed stay.

¶17.    One week after the mandate issued in the Scruggs appeal, Nutt, et al., filed their motion to terminate the stay and compel Wyatt to arbitrate his claims against them. We cannot say that filing a motion to lift a stay and compel arbitration *one week after the occurrence of the event pending which the proceedings were stayed* was an unreasonable delay or operated as a waiver of the right of Nutt, et al., to enforce the provision.

3) Filing of Madison County Action

¶18.    Nutt, et al., filed an action in Madison County Chancery Court, seeking a declaration of obligations under their oral employment contract with Wyatt, and making no reference to Wyatt's subsequently-injected claims under the Katrina JVA.[8] First, seeking declaration of the terms of an oral employment contract, without reliance on the Katrina JVA, was not "substantial invocation of the litigation process which result[ed] in detriment or prejudice" to Wyatt, for it was Wyatt who interjected the Katrina JVA as the basis for his claim – not the claims of Nutt, et al. – when he filed a separate action. We conclude that Nutt, et al., did not waive their right to enforce the arbitration provision of the Katrina JVA – the basis of *Wyatt's* claims in *this* action – by filing a prior action for declaratory judgment regarding a separate agreement, including no claims premised on the Katrina JVA.

---

[8]It was *Wyatt* who invoked litigation regarding the Katrina JVA, by making it the basis of his claims in the instant action.

11

¶19. We conclude that Nutt, et al., did not waive the right to enforce the arbitration provision of the Katrina JVA, which was interjected in these proceedings by Wyatt. Their failure to assert the Katrina JVA as an issue in the Madison County dispute, *before any authority declared that the Katrina JVA applied to Wyatt's claims*, did not constitute a waiver of their right to invoke the provision *upon this Court's declaration that the Katrina JVA applied*. The record in this proceeding reveals that Nutt, et al., initially preserved their right to enforce the provision *if* the Katrina JVA was found to apply and that, in seeking to transfer venue, they acted consistently with their pending suit regarding an oral agreement – the only issue presented in the Madison County proceeding. They timely invoked their right to enforce the arbitration provision once this Court declared that the Katrina JVA *did* apply to Wyatt's claims. Unlike the defendants in *Cox*, *Pass Termite*, *Lemon Drop*, and *Horton*, there is a plausible explanation for the length of time between the filing of the answer of Nutt, et al., and the motion to compel arbitration – the proceedings were stayed for the bulk of that time, and no authority had yet declared that the Katrina JVA, containing the arbitration provision, applied. We find that Nutt, et al., did not actively participate in litigation or substantially invoke the litigation process in this case before seeking to enforce the provision, nor did they conduct themselves inconsistently with timely enforcing the provision. The trial court erred by finding that Nutt, et al., waived their right to compel arbitration by participating in litigation and delaying filing a motion to compel arbitration.

**CONCLUSION**

12

¶20. The failure of Nutt, et al., to pursue arbitration in an oral contract dispute – before Wyatt interjected claims related to the Katrina JVA and before any authority had declared that the Katrina JVA applied to the claims averred by Wyatt – did not waive their right to timely enforce the arbitration provision when this Court declared that Wyatt's claims were within the scope of the Katrina JVA. Rather, Nutt, et al., preserved their right to enforce the provision in the event the Katrina JVA was declared to apply, and, when this Court so declared, they not only timely, but almost immediately, filed a motion to compel arbitration. We conclude that the trial court erred by finding that Nutt, et al., waived their right to arbitration, and reverse the judgment of the trial court and remand with instruction to refer this matter to arbitration.

¶21. **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR. COLEMAN, J., NOT PARTICIPATING.**

13