# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-IA-01593-SCT

***U.S. BANCORP, U.S. BANK N.A. AND JOHNSON
GROUP, LLP***

***v.***

***BRENNAN McMULLAN AND WIFE ROBIN
McMULLAN***

| | |
|---|---|
| DATE OF JUDGMENT: | 10/20/2014 |
| TRIAL JUDGE: | HON. EDDIE H. BOWEN |
| TRIAL COURT ATTORNEYS: | EUGENE C. TULLOS |
| | BRIAN C. SMITH |
| | JOHN D. MAYO |
| COURT FROM WHICH APPEALED: | SMITH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | BRIAN CARTER SMITH |
| | WILLIAM F. RAY |
| | JOHN DICKSON MAYO |
| ATTORNEY FOR APPELLEES: | EUGENE COURSEY TULLOS |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 01/14/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KING AND COLEMAN, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1. The McMullans filed their complaint against U.S. Bancorp, U.S. Bank N.A. (collectively the Bank), and the Johnson Group in Smith County Circuit Court. In answering the complaint, all defendants pled improper venue. The McMullans filed an amended complaint. The Johnson Group answered, again pleading improper venue, and filed a cross-

claim against the Bank. The Bank answered the McMullans' amended complaint and the Johnson Group's cross-claim, pleading improper venue in both. The Johnson Group filed a motion to change venue, joined by the Bank. The trial court denied the motion, holding that the defendants had waived venue because they had unduly delayed pursuit of the defense and had substantially participated in the litigation. Aggrieved, the Bank sought and was granted permission to file this interlocutory appeal, which was joined by the Johnson Group.

¶2. We find the trial court erred in denying the motion to transfer venue because the Bank consistently pled improper venue, joined the Johnson Group's motion to transfer, and did not otherwise substantially participate in the litigation.[1]

### FACTS AND PROCEDURAL HISTORY

¶3. The McMullans agreed to purchase a mobile home from the Johnson Group at the Johnson Group's place of business in Lauderdale County. The Johnson Group secured financing for the purchase through the Bank. The loan was to be finalized upon delivery of the mobile home to the McMullans in Smith County, an event that never occurred. On March 13, 2013, Brennan McMullan filed a complaint in Smith County Circuit Court against the Johnson Group and the Bank, alleging the defendants had finalized the loan without his

---

[1]Regarding the defendant's waiver of the defense of improper venue, the McMullans submitted a well-written brief to the trial court for its consideration, and the cases cited therein indeed say what the McMullans claim they say. However, those holdings are somewhat dated. More recent decisions require more, as articulated by the defendants and as discussed further *infra*. Following our more recent pronouncements in the area, we find the trial court erred.

consent and before delivering the mobile home, causing the loan to be included on the McMullans' credit report.[2]

¶4.     The Johnson Group answered on April 30, 2013, pleading that "[v]enue is improper." The Bank answered on June 6, 2013, pleading that "[d]efendants object to venue in this [c]ourt," and that the action should be transferred to Lauderdale County. The Johnson Group refiled its answer on June 13, 2013, again pleading improper venue.

¶5.     On November 7, 2013, McMullan moved for leave to amend his complaint, which the court granted on April 28, 2014. The amended complaint, filed May 8, 2014, added Robin McMullan as a plaintiff and corrected the name of U.S. Bank N.A. The Bank answered the amended complaint on May 23, 2014, again pleading improper venue and affirmatively requesting a transfer to Lauderdale County. On May 28, 2014, the Johnson Group answered the amended complaint, again pleading improper venue. The Johnson Group also filed a cross-claim against the Bank pursuant to Mississippi Rule of Civil Procedure 13(g). The Johnson Group then, on June 30, 2014, filed a motion to transfer based on improper venue. The Bank answered the cross-claim on August 11, 2014, and again pled that "[v]enue is improper in this [c]ourt." On August 20, 2014, the Bank joined the Johnson Group's motion to transfer.

¶6.     On September 12, 2014, the trial court heard the motion and made the following findings:

---

[2]The McMullans claim their credit score was adversely affected and they lost the opportunity to finance the mobile home at a lower rate with a different financing institution.

As a threshold issue, the Court notes that the Plaintiffs relied solely on the argument that the Defendants have waived the improper venue defense by failing to timely pursue the defense while participating in the litigation process. Specifically, Plaintiffs argued in their pleadings and at oral argument that the filing of the cross-claim by Johnson amounted to participation in the litigation, which along with the delay in pursuing transfer, was sufficient to waive the issue of venue. In response, Defendants contended that they have not substantially participated in the litigation and that the action of Johnson in filing a cross-claim cannot waive the issue of venue for the other Defendant, [the Bank].

The court denied transfer of venue, finding that the Johnson Group's cross-claim and the Bank's answer of the cross-claim amounted to active participation in the litigation,[3] which, when coupled with their undue delay in pursuing the improper venue defense, amounted to a waiver of the defense. The Bank sought and was granted permission to file this interlocutory appeal, joined by the Johnson Group.

## ISSUE

¶7.    Did the trial court err in finding Defendants waived their right to challenge venue due to their undue delay and substantial participation in the litigation?

## STANDARD OF REVIEW

¶8.    This Court reviews "a trial court's grant or denial of a motion for change of venue for an abuse of discretion, but questions of law, such as interpretation of the general venue statute, are reviewed de novo." ***Wood v. Safeway Ins. Co.***, 114 So. 3d 714, 716 (Miss. 2013).

## ANALYSIS

---

[3]As discussed more fully in ¶ 17, *infra*, no other action has taken place in this case.

4

¶9.     The requirements imposed by the general venue statute are not at issue.[4] For purposes

of this case, the trial court noted "that the Plaintiffs relied solely on the argument that the

Defendants have waived the improper venue defense by failing to timely pursue the defense

while participating in the litigation process." Thus, the issue before us is whether the trial

court erred in finding Defendants waived venue.

¶10.    A party can waive the defense of improper venue in multiple ways. The most certain

is to fail to plead it. *See **Lowery v. Will of Smith***, 543 So. 2d 1155, 1159 (Miss. 1989)

(approving a chancellor's analysis that "[Mississippi Rule of Civil Procedure] 12(h)(1)

provides that a defense of improper venue is waived if it's neither made by [pre-answer]

motion or in a responsive pleading. In other words, it can be waived if it's not [initially]

made by a motion or other responsive pleading."). *See also **Young v. Huron Smith Oil Co.,

Inc.***, 564 So. 2d 36, 39 (Miss. 1990) (regarding Rule 12(h)(1) defenses, "we have

consistently held that failure to assert the defense in an answer, motion[,] or other

pre-responsive pleading is a waiver that will be enforced."). Thus, venue is waived if it is

---

[4]Mississippi's general venue statute reads in pertinent part as follows:

> Civil actions of which the circuit court has original jurisdiction shall be
> commenced in the county where the defendant resides, or, if a corporation, in
> the county of its principal place of business, or in the county where a
> substantial alleged act or omission occurred or where a substantial event that
> caused the injury occurred.
> . . .
> If venue in a civil action against a nonresident defendant cannot be asserted
> under paragraph (a) of this subsection (1), a civil action against a nonresident
> may be commenced in the county where the plaintiff resides or is domiciled.

Miss. Code Ann. § 11-11-3(1) (Rev. 2004).

5

neither raised in a pre-answer motion nor in the defendant's answer. Even if initially raised, affirmative defenses may be waived where a defendant unreasonably delays pursuing a motion and substantially or actively participates in the litigation.[5] *See East Miss. State Hosp. v. Adams*, 947 So. 2d 887, 890-91 (Miss. 2007); *MS Credit Ctr., Inc. v. Horton*, 926 So. 2d 167, 180 (Miss. 2006).

  A. *Defendants pled improper venue in their answers.*

¶11. The Bank and the Johnson Group pled the defense of improper venue in both their original answers as well as in their answers to the amended complaint. The Bank further pled improper venue in its answer to the Johnson Group's cross-claim. Thus, Defendants complied with Rule 12 by pleading the defense of improper venue in their answers.

  B. *Defendants were not dilatory in their pursuit of the defense of improper venue.*

¶12. After the McMullans filed their amended complaint on May 8, 2014, the Johnson Group filed a motion to transfer venue to Lauderdale County on June 30. The Bank joined the Johnson Group's motion on August 19.[6] The Johnson Group filed the motion to transfer

---

[5]Defendants argue the defense of improper venue is preserved as long as a motion to transfer is filed before trial. However, this argument is too expansive and contrary to our caselaw in the area. Even if raised in the answer or in a pre-answer motion, venue may be waived if the defendants unduly delay their pursuit of the defense and substantially participate in the litigation. Were we to accept the defendants' argument, once raised, venue could never be waived.

[6]While it is true the action was originally filed in March 2013 and the motion to transfer was not filed until June 2014, the McMullans filed a motion for leave to amend the complaint in November 2013. The McMullans did not file the amended complaint until May 8, 2014.

less than two months after the McMullans filed their amended complaint. The motion was set for hearing and heard on September 12, 2014.

¶13. The McMullans center their argument around the year that elapsed between the filing of the original answer and the motion to transfer. They fail to consider their successful request to amend the complaint and their subsequent delay in filing their amended complaint. This Court previously has measured the time that elapsed between the filing of the answer to the amended complaint and the filing of the defense motion to determine whether there has been undue delay. *See Horton*, 926 So. 2d at 180-81 (regarding an arbitration clause, "an eight month unjustified delay in the assertion and pursuit of any affirmative defense or other right which, if timely pursued, could serve to terminate the litigation, coupled with active participation in the litigation process, constitutes waiver as a matter of law").

¶14. This Court then applied the ***Horton*** principle in similar proceedings, albeit the issue was the statute of limitations. In ***Spann v. Diaz***, Diaz raised the statute of limitations as a defense in his answer to Spann's original complaint. ***Spann v. Diaz***, 987 So. 2d 443, 448 (Miss. 2008). Almost a year later, Spann filed an amended complaint, which Diaz answered within a month. ***Id.*** Seventy-one days later, Diaz filed a motion for summary judgment based on the running of the statute of limitations. ***Id.*** On those facts, the Court held that "a delay of seventy-one days in this case did not constitute a substantial and unreasonable delay." ***Id.***

¶15. Whether a delay is unreasonable depends on the specific facts of the case. Applying ***Horton*** and ***Spann*** to the circumstances presented to the trial court, we find the Bank and the Johnson Group preserved their objections to improper venue by pleading the defense in their

answers and timely filing a motion to transfer thirty-three days after the Johnson Group answered the amended complaint.[7] The motion was timely pursued and heard within two and a half months.

       C.     *Defendants did not actively or substantially participate in the litigation.*

¶16.    Even if there was an undue delay, "a long delay is not enough, standing alone, to constitute waiver of an affirmative defense." ***Kinsey v. Pangborn Corp.***, 78 So. 3d 301, 306 (Miss. 2011) (internal citations omitted). Instead, there must be "a substantial and unreasonable delay in pursuing the right, coupled with active participation in the litigation process, before waiver will be found." ***Id.*** *See also* ***East Miss. State Hosp. v. Adams***, 947 So. 2d 887 (Miss. 2007) (finding waiver where defendants filed a motion for summary judgment on the merits, motions to compel, a motion for status conferences, and a motion for additional discovery). None of these indicia are present here.

¶17.    In this case, the trial court's stated basis for finding that Defendants "actively participated" in the litigation was the Johnson Group's filing of a cross-claim against the Bank and the Bank's obligatory answer to that cross-claim. No Mississippi caselaw supports a finding of active or substantial participation based on such limited activity. Defendants propounded no discovery. No depositions were taken. No scheduling orders were entered. No trial dates were set. The only motion filed and called up for hearing was the motion to

---

      [7]The Bank joined the Johnson Group's motion to transfer eighty-nine days after answering the McMullans' amended complaint. In the interim, the Bank answered the Johnson Group's cross-claim filed against the Bank. We find the eighty-nine-day delay, coupled with the Bank's responding to the cross-claim and the fact the Johnson Group had already filed the motion to transfer, not unduly dilatory in light of ***Spann***'s approval of a seventy-one-day delay. The motion was heard less than a month after joinder.

transfer for improper venue. No Mississippi caselaw holds that the filing of a cross-claim, by itself, is sufficient to constitute active participation in the litigation.[8] As such, there is no legal basis for the trial court's determination that Defendants actively or substantially participated in the litigation.

> D. *Even if the Johnson Group's filing a cross-claim waived its right to contest venue, its actions have no bearing on the Bank's independent right to contest venue.*

¶18.    Even if the Johnson Group waived its right to contest venue by filing its cross-claim in Smith County, the Bank did nothing more than answer the cross-claim, as required by Mississippi Rule of Civil Procedure 12(a). In answering the cross-claim, the Bank again pled improper venue.

¶19.    One defendant may not waive another defendant's right to contest venue. *See **Am. Family Life Assurance of Columbus v. Ellison***, 4 So. 3d 1049, 1051-52 (Miss. 2009). In ***Ellison***, one defendant (AFLAC) raised the defense of improper venue; the other defendants (the Atkinsons) did not. ***Id.*** at 1050. The Court found venue was improper and should have been transferred. ***Id.*** at 1051-52 ("The fact that one of several defendants submits to the jurisdiction of the court *does not change the venue of the cause of action*. It is merely a waiver of that defendant's *personal* right to demand a trial of the case in the county where the venue is fixed by statute.") (quoting ***City of Cleveland v. Cheatham***, 285 P.2d 205, 207

---

[8]The McMullans argue that, by filing a cross-claim, the Johnson Group submitted to venue in Smith County, but they cite no authority for that argument before this Court or the trial court. "This Court has repeatedly held that failure to cite any authority may be treated as a procedural bar, and it is under no obligation to consider the assignment." ***Williams v. State***, 708 So. 2d 1358, 1361 (Miss. 1998).

(Okla. 1955)). *See also* **Lemon Drop Props., LLC v. Pass Marianne, LLC**, 73 So 3d 1131, 1136-37 (Miss. 2011) (finding the principal's waiver of the right to compel arbitration not binding on the separately sued agent, who had an independent right to compel arbitration).

¶20.  Under **Ellison** and **Lemon Drop**, we find the Johnson Group's acts, if sufficient to constitute a waiver of the Johnson Group's right to contest venue, are not imputed to the Bank, which maintained its own personal right to contest venue.

## CONCLUSION

¶21.  For the above reasons, we find Defendants did not waive venue. The Smith County Circuit Court's judgment denying the defendants' motion to transfer venue is reversed and the case is remanded with instructions that the trial court transfer it to a court in compliance with Section 11-11-3(1).

¶22.  **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, PIERCE, KING, COLEMAN AND MAXWELL, JJ., CONCUR.**