# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-CA-00132-SCT

*RACHEL GILDEA BREAL*

*v.*

*THE DOWNS LAW GROUP, CHARLES DAVID DURKEE, HOOD & BOLEN, P.L.L.C., R. MICHAEL BOLEN, THE COCHRAN FIRM-JACKSON, L.L.C., AND TERRIS C. HARRIS*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/27/2023 |
| TRIAL JUDGE: | HON. ELEANOR JOHNSON PETERSON |
| TRIAL COURT ATTORNEYS: | TOMMY EUGENE BROWN, JR |
| | JAMIE DEON TRAVIS |
| | DOUGLAS LAMONT TYNES, JR. |
| | DAVID NEIL HARRIS, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DAVID NEIL HARRIS, JR. |
| | COURTNEY PARKER WILSON |
| | DOUGLAS LAMONT TYNES, JR. |
| ATTORNEYS FOR APPELLEES: | JAMIE DEON TRAVIS |
| | JUSTIS ROBERT GIBBS II |
| NATURE OF THE CASE: | CIVIL - LEGAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 12/14/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE RANDOLPH, C.J., MAXWELL AND BEAM, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1. This appeal presents one issue—could a trial court, a year into litigation, *sua sponte* enforce a forum-selection clause and dismiss the case?

¶2.    We conclude the answer is no, the trial court could not.  The forum-selection clause concerned venue.  And improper venue may be waived if not timely raised.  Thus the trial court could not *sua sponte* point out and enforce a forum-selection clause when the parties themselves failed to do so.  At that point in the litigation, any issue with venue had clearly been waived.  For this reason, we reverse the trial court's dismissal based on the forum-selection clause and remand this case for further proceedings.

### Background Facts & Procedural History

¶3.    This legal malpractice action stems from the allegedly negligent representation of an unsuccessful BP Deepwater Horizon oil-spill claimant, Rachel Gildea Breal.  In August 2020, Breal's lawsuit against BP was dismissed with prejudice by stipulation.[1]  A year later, on August 24, 2021, Breal sued her attorneys—the Downs Law Group, Charles David Durkee, Hood & Bolen PLLC, R. Michael Bolen, the Cochran Firm-Jackson LLC, and Terris C. Harris (collectively, Downs Law).  She claimed breach of contract, breach of fiduciary duties, conspiracy, legal malpractice, and negligent and/or intentional infliction of emotional distress.

¶4.    Breal filed her complaint in the Circuit Court of the First Judicial District of Hinds County, Mississippi.  But Downs Law removed the action to the United States District Court for the Southern District of Mississippi.  Notably, in the notice of removal, Downs Law

---

[1] Federal Rule of Civil Procedure 41(a)(1)(A)(ii) permits a plaintiff to "dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared."  The dismissal is without prejudice "[u]nless the . . . stipulation states otherwise[.]" Fed. R. Civ. P. 41(a)(1)(B).  And, here, the stipulation stated it was with prejudice.

represented that *venue was proper* because the Southern District embraced Hinds County, where Breal's action was originally filed. But then the notice later stated that Downs Law did "not waive any objections they may have to service, jurisdiction or venue, or any other defenses or objections they may have to this action."

¶5.    Six months later, Breal's case was remanded to Hinds County Circuit Court. The circuit court docket shows Breal responded to a motion to dismiss, which Downs Law had filed while the action was still in federal court. Breal also served Downs Law with interrogatories. Downs Law then moved for summary judgment and moved to stay discovery. Breal countered with a motion to compel discovery. Breal's motion was set for a hearing.

¶6.    At the beginning of that hearing, the trial court *on its own initiative* asked about the forum-selection clause in the retainer agreement between Breal and Downs Law. The retainer agreement, upon which Breal based her breach of contract claim, expressly stated that "[t]he parties further agree the proper forum and venue to litigate any matter relating to this Retainer Agreement shall be in the court of the 11th Judicial Circuit of Miami-Dade County." The trial judge raised concerns that this provision may "be mandatory and enforceable" and thus deprive the Hinds County Circuit Court of jurisdiction. The court asked Breal and Downs Law to brief the issue.

¶7.    In her brief, Breal asserted that Downs Law *waived* the defense of improper venue by not raising it in its answer and by further admitting that venue was proper in its answer filed

in federal court. Breal further asserted that the forum-selection clause was permissive, not mandatory. So dismissal or transfer was not required.

¶8. Downs Law countered that "the forum selection clause is controlling and [the trial court] does not have subject matter jurisdiction in this matter." On November 28, 2022, Downs Law also filed a separate motion to dismiss Breal's complaint based on the alleged "lack of subject matter jurisdiction." The motion argued that, because of the "concerns of improper venue due to the forum selection clause," Breal's complaint "should be dismissed for lack of subject matter jurisdiction."

¶9. The trial court granted Downs Law's motion to dismiss, "find[ing] venue [wa]s improper in Hinds County" due to the mandatory forum-selection clause.

¶10. Breal timely appealed.

**Discussion**

¶11. This Court reviews the grant of a motion to dismiss de novo. ***B & B Mgmt. Co., LLC v. Y.X. ex rel. He Shao***, 245 So. 3d 477, 481 (Miss. 2018). After de novo review, we reverse and remand because Downs Law clearly waived the enforcement of the forum-selection clause.

¶12. While Downs Law argued before the trial court that the forum-selection clause deprived the Hinds County Circuit Court of *subject matter* jurisdiction, the trial court correctly framed the issue as one of *improper venue*. *See **Titan Indem. Co. v. Hood***, 895 So. 2d 138, 151 (Miss. 2004) (finding that a forum-selection clause, by its language, established personal jurisdiction and venue in Texas). Indeed, the clause the trial court enforced

4

expressly addressed the "proper forum and venue" for claims related to the retainer agreement. This distinction is important because, while the lack of subject matter jurisdiction cannot be waived and can even be raised *sua sponte* by the court when the parties fail to do so, that is not the case for improper venue. ***Biddle v. Biddle (In re Est. of Biddle)***, 369 So. 3d 525, 529 (Miss. 2023).

¶13. Instead, improper venue can be waived "in multiple ways." ***US Bancorp v. McMullen***, 183 So. 3d 833, 835 (Miss. 2016). "The most certain" way to waive improper venue "is to fail to plead it." ***Id.*** And this Court has been clear that the defense of improper venue is waived if it is not raised in the defendant's pre-answer motion or answer. ***Id.*** at 835-36. Moreover, "[e]ven if initially raised," the defense of improper venue "may be waived where a defendant unreasonably delays pursuing a motion and substantially or actively participates in the litigation." ***Id.*** at 836.

¶14. This means that by the time the trial court *sua sponte* raised questions about the forum-selection clause's venue provision, the issue had been waived.

¶15. While Downs Law now insists it had not waived improper venue, the record suggests otherwise. Downs Law's first responsive filing to Breal's complaint was the notice of removal. In this filing, Downs Law declared that venue was proper in the Southern District because it embraced Hinds County, where the action was originally filed. While the notice also stated that it did not waive any objection it may have had to several issues, including venue, Downs Law did not affirmatively plead improper venue in the answer filed the same day. Contrary to Downs Law's claim on appeal, the answer was completely silent as to

5

venue. Instead, it merely broadly "plead all applicable defenses available under Rules 12(b) and 8(c)[ of the] Mississippi Rules of Civil Procedure . . . ." Neither did Downs Law raise improper venue in the motion to dismiss filed in federal court three days later. So Downs Law waived enforcement of the forum-selection clause by "the most certain" way—by failing to plead it. *US Bancorp*, 183 So. 3d at 835.

¶16. But even if the boilerplate "all applicable defenses" language was enough to plead improper venue, Downs Law still waived this issue by actively participating in the litigation in Mississippi federal and state court.[2] *Id.* at 836. After filing an answer, Downs Law filed a motion to dismiss in federal court. Following remand, Downs Law then filed a motion for summary judgment in Hinds County Circuit Court. Neither of these motions mentioned the forum-selection clause. It was only at a hearing in October 2022—fourteen months after Breal filed her complaint—that the issue of the forum-selection clause was first raised. And it was raised by the trial judge *sua sponte*, not by Downs Law. Thus, by the time Downs Law moved a month later to dismiss the complaint based on improper venue, Downs Law had actively participated in this case for more than a year.

¶17. Because Downs Law had waived any claim of improper venue by the time it filed its motion to dismiss, the trial court erred by granting Downs Law's motion and dismissing Breal's complaint due to improper venue. We reverse the judgment of dismissal and remand this case to the trial court.

---

[2] This Court has held that, in the context of waiving personal jurisdiction, litigating in a federal court in Mississippi is litigating in a "Mississippi court." *Pekin Ins. Co. v. Hinton*, 192 So. 3d 966, 972 (Miss. 2016).

¶18.   **REVERSED AND REMANDED.**

     **RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**